David Earl JOHNSON,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 77–2867
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1978.

David Earl Johnson, pro se.

D. L. Rampey, Jr., U. S. Atty., Richard Nettum, Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

In this appeal, petitioner questions the district court's denial of his motion to vacate sentence, under 28 U.S.C. § 2255

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409. Part I.

(1970), grounded on claims of double jeopardy, ineffective assistance of counsel, the denial of the right to a direct appeal from his conviction, and constitutional violations of the fifth, ninth and fourteenth amendments. In denying the motion, the district court merely recited that these claims had previously been presented by petitioner and denied. The court's order gave no indication whatever as to the manner in which the claims had purportedly been made previously or whether the claims had been denied on the merits. *See* Rule 9(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

The record presently before us indicates that the double jeopardy issue has never been presented to the district court. As for the remaining claims, it is not clear to us that they have been resolved on the merits. Further proceedings in the district court are therefore indicated and this case is reversed and remanded for that purpose.[1]

REVERSED AND REMANDED.

---

1. We should add, parenthetically, that to the extent the district court, on remand, may hold that a claim has previously been made and disposed of, the court shall indicate in its order the prior proceedings or other context in which it deems the claim to have been raised and whether or not the claim thus raised received dispositive treatment. *See* Rule 9(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.