**Edward Wray CROCKETT, Jr., Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 77–2900.**

United States Court of Appeals, Fifth Circuit.

April 10, 1979.

---

**6**

James K. Jenkins, Atlanta, Ga., for petitioner-appellant.

D. L. Rampey, Jr., U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before WISDOM, TJOFLAT and VANCE, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's denial of a 28 U.S.C. § 2255 (1976) motion. The sole stated reason for the denial was that the grounds relied upon by the petitioner to support his motion had been previously raised in a motion for new trial which the court had denied. Record, vol. I, at 76. Despite this statement in the court's dispositive order, we are unable to determine either from the order or the record as a whole whether the district court has ever considered and ruled upon the merits of the grounds urged in petitioner's section 2255 motion. Consequently, we must remand this case so that that determination can be made.

The petitioner, Edward Wray Crockett, Jr. was convicted by a jury on November 1, 1973, on a two-count indictment of conspiring to operate and operating an illegal gambling business in violation of 18 U.S.C. §§ 371, 1955 (1976). On November 9, 1973, he filed a motion for new trial, setting forth four independent grounds. The motion asserted that: (1) the court erred in denying Crockett's motion for acquittal made at the conclusion of the evidence; (2) the verdict was contrary to the manifest weight of the evidence; (3) the verdict was not supported by substantial evidence; and (4) the court erred in charging the jury. No memorandum in support of or in opposition to the motion was filed. On December 5, 1973, the district court denied the motion perfunctorily, without argument, at the commencement of the sentencing hearing. Crockett was sentenced to five years on both counts, concurrently, and promptly appealed his convictions. He asserted three grounds of error of which only one (that relating to the jury instructions) had been cited in support of his new trial motion. On January 17, 1975 his convictions were affirmed. *See United States v. Crockett,* 506 F.2d 759 (5th Cir.), *cert. denied,* 423 U.S. 824, 96 S.Ct. 37, 46 L.Ed.2d 40 (1975).

On December 27, 1975, Crockett retained new counsel and filed a second motion for new trial. This time he claimed that newly discovered evidence, unavailable to him at

trial, disclosed that he had not received a fair trial. The motion indicated that one of the Government witnesses, a codefendant who had pled guilty on the day of trial, at the instigation of the FBI had spied on pretrial strategy meetings between Crockett and his counsel and had reported what he learned to the prosecution. No action was taken on Crockett's motion until February 2, 1977, when it was denied, without a hearing or stated reasons. Record, vol. I, at 31. On February 10, 1977, an appeal was taken from this order, but it was subsequently dismissed on Crockett's own motion.

On May 10, 1977, Crockett filed the section 2255 motion now on appeal before us. The motion reiterated the substance of Crockett's second new trial motion (filed December 27, 1975) but went into greater detail about the Government's purported misconduct in recruiting the codefendant to spy on the defense camp. In addition, Crockett alleged that the prosecutor knowingly presented to the jury perjured testimony from witness Kathleen Palo, and withheld certain exculpatory evidence favorable to Crockett. Crockett's section 2255 motion was summarily denied by an order entered on August 11, 1977, the district court succinctly stating that Crockett had raised "substantially the same questions . . . presented earlier in his [December 27, 1975 motion for new trial], and the Court having denied the motion for new trial now denies the motion to vacate sentence." *Id.* at 76.

It is apparent that the district court treated Crockett's section 2255 motion as a successive petition. Under Rule 9(b), Rules Governing Section 2255 Proceedings for the United States District Courts, a district court is authorized to dismiss a successive petition where the claims raised therein have been previously disposed of on the merits. Rule 9(b) provides that "a second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits . . ."

Here we are unable to discern from the district court's order or elsewhere in the record whether Crockett's "Government spy" claim was disposed of on the merits when previously presented in his December 27, 1975, motion for new trial. We must therefore remand the case for further proceedings on this claim and the others newly raised in his section 2255 motion. If the district court on remand finds "that a claim has previously been made and disposed of, the court shall indicate in its order the prior proceedings or other context in which it deems the claim to have been raised and whether or not the claim thus raised received dispositive treatment." *Johnson v. United States,* 567 F.2d 634, 635 n.1 (5th Cir. 1978).

VACATED and REMANDED for further proceedings.