**Johnny Wilson HOLLAND, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24417.**

United States Court of Appeals Fifth Circuit.

Oct. 24, 1967.

Johnny Wilson Holland pro se.

R. Macey Taylor, U. S. Atty., Birmingham, Ala., for appellee.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

RIVES, Circuit Judge:

On April 19, 1966, the appellant was arrested and charged with robbing the Muscle Shoals National Bank, Muscle Shoals, Alabama. He was indicted[1] and at his trial entered a plea of guilty to the following counts:

a) Bank robbery by force and violence (18 U.S.C.A. § 2113(a)), and

b) Jeopardizing another's life by use of a deadly weapon while committing a bank robbery (18 U.S.C.A. § 2113 (d)).

The appellant was found guilty of violating these two subsections and sentenced to 20 (twenty) years for each violation, the sentences to run concurrently.

A case charging the appellant with robbing a Tennessee bank was transferred to the district court from the

1. At his arraignment the appellant had entered a plea of "not guilty" to the indictment. He changed this plea at trial.

Middle District of Tennessee. Specifically, the appellant was charged with violating the same two subsections under which he was convicted for the first robbery. As in the first trial, the appellant pleaded guilty and was found guilty of violating both subsections, i. e., 18 U.S.C.A. § 2113(a) and § 2113 (d). He was given one general sentence of 20 (twenty) years. This sentence was to run concurrently with the two concurrent sentences imposed for the Muscle Shoals robbery. The appellant filed a motion to vacate all but one of the 20-year, sentences, which motion the district court denied.

■ The question on this appeal is whether the court erred in imposing concurrent sentences for the convictions arising out of the Muscle Shoals case. The appellant contends that " * * * it was improper for said Court to impose three sentences upon the petitioner and to impose three sentences will hinder the appellant's chances for pardon or parole." In Prince v. United States, 1956, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, the Court held that only one sentence could be imposed for simultaneous violations of more than one provision of the Federal Bank Robbery Act, 18 U.S.C.A. § 2113[2] The case of United States v. Machibroda, 6 Cir.1964, 338 F.2d 947, is directly in point. The appellant had robbed two banks. He was convicted under § 2113(a) and § 2113(d) for each of two bank robberies. He was sentenced to consecutive sentences for the robbery counts for a total of 40 (forty) years. He was also given consecutive sentences "for entering with the intent to rob," but these two were to run concurrently with their respective robbery sentences

for a total of 35 (thirty-five) years. The court held that the imposition of the concurrent sentences was improper. In its opinion, the court observed that the fact that the robbery sentences were longer that the concurrent "entering with intent to rob" sentences did not render the appellant's appeal frivolous, saying: " '[It] is well understood that a multiplicity of sentences impairs a prisoner's opportunity for pardon and parole.' " *Machibroda,* supra, at p. 949.

Also, in Audett v. United States, 9 Cir.1959, 265 F.2d 837, 848, the court rejected as improper the imposition of concurrent sentences for simultaneous violations of more than one provision of 18 U.S.C.A. § 2113. That a multiplicity of concurrent sentences is prejudicial as impairing a prisoner's opportunity for pardon or parole was also recognized in Hibdon v. United States, 6 Cir.1953, 204 F.2d 834, 839, and in Green v. United States, 1 Cir. 1960, 274 F.2d 59, 61.

■ It is apparent that only one sentence should have been imposed for the convictions in the Muscle Shoals robbery. The appellant was given only one sentence for the Tennessee robbery, which was completely unrelated to the Muscle Shoals robbery; hence, there can be no objection that the two remaining sentences are to be served concurrently. The policy to be followed in these circumstances is to vacate the erroneous concurrent sentence. Audett v. United States, supra, 265 F.2d 848, n. 58. The second concurrent twenty-year sentence in the Muscle Shoals robbery case is therefore

Vacated.

2. All circuits necessarily subscribed to this rule prohibiting more than one sentence for multiple, simultaneous violations of the various provisions of § 2113. In following this rule, the circuits are nevertheless in conflict as to whether a lesser offense under § 2113 is merged with a more aggravated violation under § 2113. Sawyer v. United States, 8 Cir. 1963, 312 F.2d 24, 26–27. The following cases respectively accepted and rejected the

merger doctrine: Smith v. United States, 9 Cir. 1961, 287 F.2d 270; Hardy v. United States, 8 Cir. 1961, 292 F.2d 192. The applicability vel non of the merger doctrine becomes relevant if the court desires to impose sentence under a lesser offense of § 2113, rather than for a more aggravated offense under the same section. To do so the court must reject the merger doctrine. We express no view on that question.