James Edwin ROSE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 30902

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1971.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

**390**

James E. Rose, pro se.

Roby Hadden, U. S. Atty., Tyler, Tex., James F. Parker, Jr., Asst. U. S. Atty., Beaumont, Tex., for respondent-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

James Edwin Rose has taken this appeal from the district court's denial of his motion to vacate judgment and sentence filed pursuant to the provisions of 28 U.S.C.A. § 2255. We affirm in part and vacate and remand in part.

The appellant, having waived counsel, was convicted on his plea of guilty on four counts alleging violations of the Federal Bank Robbery Act, 18 U.S.C.A. § 2113(a), (b), (c), and (d). He was sentenced on February 9, 1967, to serve concurrent sentences, respectively, of 18, 10, 10, and 18 years. There was no direct appeal.

 Appellant contends that the sentencing court committed reversible error in failing to advise him that sentences under the different counts could not be made to run consecutively, citing our decisions in Stephen v. United States, 5 Cir. 1970, 426 F.2d 257, and Grant v. United States, 5 Cir. 1970, 424 F.2d 273. However, this court, sitting en banc, recently overruled those two cases, and accordingly Rose's contention cannot be sustained. United States v. Woodall, 5 Cir. 1971, 438 F.2d 1317. The transcript of the plea and sentencing proceedings shows that in all other respects the sentencing court complied fully with the provisions of Rule 11, F.R.Crim.P.

 The sentencing court erred, however, in imposing separate, albeit concurrent, sentences on each of the four counts under 18 U.S.C.A. § 2113. The law in this Circuit is now clear that separate penalties under the various subsections of the Federal Bank Robbery Act are improper, whether imposed consecutively or concurrently. United States v. White, 5 Cir. 1971, 440 F.2d 978. Where multiple penalties are imposed, the proper remedy is to vacate the sentences and remand for resentencing on one count. That is what we now do with this case.

Affirmed in part, vacated in part and remanded.