**Rudy Franklin HOMAN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72–1921**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1972.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

---

M. Gabriel Nahas, Jr., Houston, Tex. (court appointed), for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty.. James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

In a proceeding under 28 U.S.C.A. § 2255 in the district court, appellant contested his pleas of guilty to charges of burglarizing two banks on the following grounds: (a) improper representation by retained counsel, (b) appellant under influence of narcotics at the time the pleas were entered, (c) pleas induced on promise of specific sentence and place of service, (d) appellant did not understand the nature of charges against him, and (e) improper sentences under 18 U.S.C.A. § 2113(a), (b) and (c). The district court denied relief after a full evidentiary hearing and on written findings of fact and conclusions of law.

There is no merit whatever in the assignments of error based on (a), (b),

(c) and (d). As to the improper sentences claim, appellant was charged in one indictment in three counts arising out of the burglary of the Pasadena National Bank. He was charged in another indictment in three counts arising out of the burglary of the Spring Branch Savings and Loan Company. The respective counts in each indictment charged violations of 18 U.S.C.A. § 2113(a), (b) or (c). In view of the holdings of this court in Rose v. United States, 5 Cir., 1971, 448 F.2d 389, and United States v. White, 5 Cir., 1971, 440 F.2d 978, appellant's convictions based on pleas of guilty must be vacated and the cause remanded so that he may be resentenced on one count only in each of the two indictments involved.

Affirmed in part; vacated in part with direction.