David Earl JOHNSON,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–3249.

United States Court of Appeals,
Fifth Circuit.

June 16, 1980.

W. Dennis Summers, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

Richard Nettum, Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before BROWN, HILL and RANDALL, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

David Earl Johnson is no stranger to Federal Court. In January of 1971, Johnson was tried and convicted of bank robbery in violation of 18 U.S.C.A. § 2113(a), assault with a dangerous weapon during a bank robbery in violation of 18 U.S.C.A. § 2113(d), and carrying a firearm unlawfully during the commission of a felony in violation of 18 U.S.C.A. § 924(c)(2). He was sentenced to three concurrent prison terms of 20 years, 20 years, and 2 years respectively. He did not take a direct appeal from the convictions. However, within the prescribed ten day period, he moved for a new trial, claiming ineffective assistance of counsel. The motion was denied but Johnson was not notified because he had escaped from custody.

About three years later, Johnson began making a series of pro se collateral attacks, including a number of appeals to this Court.[1] In this—his fourth—appeal to the Fifth Circuit, Johnson contends that: (1) his convictions violate the Double Jeopardy Clause of the Fifth Amendment, (2) the District Court erred in refusing to consider his claim of ineffective assistance of counsel, (3) he was denied his right to appeal because the District Court and his court-appointed counsel did not advise him of his appeal rights, (4) he was improperly sentenced.

We hold that Johnson was improperly sentenced and remand to the District Court for resentencing. We do not reach Johnson's other claims, but since we vacate the sentences and remand for resentencing, Johnson's right to take a direct appeal is in effect reinstated and he may again raise his challenges to the convictions.

■ As stated, Johnson was convicted and received concurrent sentences for violating three separate statutory provisions: 18 U.S.C.A. § 2113(a),[2] 18 U.S.C.A. § 2113(d),[3] and 18 U.S.C.A. § 924(c)(2).[4] A

1. In August of 1974, Johnson filed a § 2255 motion claiming that Federal Courts lack jurisdiction for bank robbery. The motion was denied by the District Court and we affirmed, 505 F.2d 732 (5th Cir. 1974). In May of 1975, Johnson filed a motion in the District Court to reinstate his right to appeal his original criminal conviction, claiming that he had not been advised of his right to appeal. The District Court denied the motion and Johnson did not appeal. In September of 1976, Johnson filed a motion in the District Court challenging the constitutionality of the bank robbery statute. The District Court denied the motion and we affirmed, 548 F.2d 353 (5th Cir. 1977). In April of 1977, Johnson filed a motion to vacate his sentence alleging: (1) violation of Double Jeopardy, (2) denial of effective assistance of counsel, (3) denial of right to appeal, (4) denial of constitutional guarantees under the Fifth, Ninth, and Fourteenth Amendments. The District Court denied relief on the ground that the same questions had been previously raised by Johnson and decided against him. Unable to glean when and where these questions had been raised, we reversed. 567 F.2d 634 (5th Cir. 1978). On remand, the District Court entered an order outlining the litigation and indicating the context in which the claims had been previously raised and resolved. This appeal followed.

2. 18 U.S.C.A. § 2113(a) states:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

3. 18 U.S.C.A. § 2113(d) states:

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or

host of cases make clear that this sentencing scheme is improper. In *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), the Supreme Court held that in a prosecution arising out of a single transaction of bank robbery with a firearm, a defendant may not be sentenced under both § 2113(d) and § 924(c). This rule applies even when the sentences are concurrent. *United States v. Nelson*, 574 F.2d 277, 281 (5th Cir.), *cert. denied*, 439 U.S. 956, 99 S.Ct. 355, 58 L.Ed.2d 347 (1978). The Government concedes that *Simpson* and its progeny are controlling,[5] and that Johnson's concurrent two year sentence under § 924(c)(2) cannot stand. *Cf. Busic v. United States*, —— U.S. ——, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980).

Similarly, under the authority of such cases as *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1956); *Eakes v. United States*, 391 F.2d 287 (5th Cir. 1968); and *Holland v. United States*, 384 F.2d 370 (5th Cir. 1970), Johnson cannot be lawfully sentenced under both § 2113(a) and § 2113(d). And this is so even if the sentences are concurrent rather than consecutive. *Holland, supra*, 384 F.2d at 371; *Rose v. United States*, 448 F.2d 389, 390 (5th Cir. 1971). The Government concedes

that under these cases, Johnson may have his § 2113(a) sentence vacated. It follows that Johnson may only be sentenced on his § 2113(d) conviction.

■ Although neither side requests a remand,[6] we believe that a remand for resentencing is essential and do so under the exercise of our supervisory powers (see 28 U.S.C.A. § 2106). To begin with, we cannot be sure that had the District Court applied the correct law regarding bank robbery convictions Johnson would have been sentenced to serve 20 years in prison. The District Court was under the erroneous view that Johnson could be sentenced *consecutively on all three statutory provisions*, for a total of 55 years.[7] Actually, the maximum which the Judge could have imposed is only 25 years.[8] Perhaps, after realizing that the maximum sentence is only 25 years, the District Court may conclude that a 20 year sentence is too harsh. The District Court should at least be able to reconsider the matter.

This course of action ensures that the rights of Johnson are adequately protected. Johnson alleges—and it may well be the case—that he was denied his right to direct appeal because of the failure of the District Court and Johnson's court-appointed attor-

device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

4. 18 U.S.C.A. § 924(c)(2) states:
    (c) Whoever—
    (2) carries a firearm unlawfully during the commission of any felony for which he may be prosecuted in a court of the United States, shall, in addition to the punishment provided for the commission of such felony, be sentenced to a term of imprisonment for not less than one year nor more than ten years. In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to a term of imprisonment for not less than two nor more than twenty-five years and, notwithstanding any other provision of law, the court shall not suspend the sentence in the case of a second or subsequent conviction of such person or give him a probationary sentence, nor shall the term of imprisonment imposed under this subsection run concurrently with any term of imprisonment imposed for the commission of such felony.

5. The Government recognizes that under the facts of this case, *Simpson* can be retroactively

applied. Citing *Heflin v. United States*, 358 U.S. 415, 417–18, 79 S.Ct. 451, 452–53, 3 L.Ed.2d 407, 409 (1959), the Government points *out that Johnson's § 2255 motion can be treated as a F.R.Crim.P. 35 motion made in the original case.*

6. Both sides argue that this Court can simply leave the 20 year sentence under § 2113(d) intact and vacate the other two sentences.

7. At the sentencing proceeding, the District Court stated:

    The maximum sentence which the Court can impose in this case is, the maximum that could be imposed is, according to my calculation, 55 years, because the maximum on Count 1 is 20 years, the maximum on Count 2 is 25 years, and the maximum on Count 3 is 10 years, as I calculate it.

8. Under the Ninth Circuit's approach, see note 6, *supra*, the maximum is 30 years (20 years under § 2113(a) and 10 years under § 924(c)(2)).

ney to inform him of this right. At the resentencing, like the sentencing, Johnson will be constitutionally entitled to be present and represented by counsel, court-appointed if he has no retained counsel. See *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *United States v. Huff*, 512 F.2d 66 (5th Cir. 1975). Since it is the duty of the District Court and defendant's attorney to advise the defendant of his right to appeal after the sentence is imposed, *United States v. Smith*, 387 F.2d 268 (6th Cir. 1967); F.R.Crim.P. 32(a)(2), the resentencing will ensure that Johnson is so advised, and his contention that he was not advised of his right to appeal last time around will become irrelevant. And because this Court is vacating the sentences [9] and remanding the case to the District Court, Johnson's right to direct appeal will be preserved. *United States v. Smith, supra*, 387 F.2d at 271; *Williams v. United States*, 402 F.2d 548, 552 (8th Cir. 1968). *Cf. Miller v. United States*, 356 F.2d 63 (5th Cir.), *cert. denied*, 384 U.S. 912, 86 S.Ct. 1357, 16 L.Ed.2d 365 (1966); *Boruff v. United States*, 310 F.2d 918 (5th Cir. 1962). Thus, for example, Johnson may raise his Double Jeopardy [10] challenges to two of the three convictions.[11]

We are confident that on remand, the District Court will fairly resentence Johnson and ensure that his rights are protected. Since, by vacating Johnson's sentences, we in effect renew his right to direct appeal, we doubt that we have seen the last of him in this Court.

VACATED and REMANDED.

---

9. Numerous cases of this Court suggest that the proper procedure is not to vacate the *convictions*, but only the *sentences*. See, e. g., *United States v. Shillingford*, 586 F.2d 372, 376 (5th Cir. 1978); *Rose v. United States, supra*, 448 F.2d at 390; *United States v. Mori*, 444 F.2d 240, 245 (5th Cir.), *cert. denied*, 404 U.S. 913, 92 S.Ct. 238, 30 L.Ed.2d 187 (1971); *United States v. White*, 440 F.2d 978, 982 (5th Cir.), *cert. denied*, 404 U.S. 839, 92 S.Ct. 129, 30 L.Ed.2d 72 (1971); *Holland v. United States, supra*, 384 F.2d at 371.

10. This Double Jeopardy argument raised by Johnson has been accepted by at least two Circuits. See *O'Clair v. United States*, 470 F.2d 1199 (1st Cir. 1972), *cert. denied*, 412 U.S. 921, 93 S.Ct. 2741, 37 L.Ed.2d 148 (1973); *Wright v. United States*, 519 F.2d 13 (7th Cir.), *cert. denied*, 423 U.S. 932, 96 S.Ct. 285, 46 L.Ed.2d 262 (1975). The Second Circuit has recently held, based not on Double Jeopardy but on Congressional intent, that a defendant cannot be *convicted* under both § 2113(a) and § 2113(d). *Grimes v. United States*, 607 F.2d 6 (2d Cir. 1979). We intimate no view concerning how this Circuit would rule on the Double Jeopardy and Congressional intent issues.

11. To eliminate the doubt and confusion of the kind reflected previously in all the motions and rulings as to what contentions he has made or the Trial Court considered, Johnson would be well advised to assert each of them clearly at the resentencing.