| Case | Duty Status of Service Member | Place of Injury | Function Being Performed by Plaintiff Service Member | Cause of Injury | Disposition of Claim |
|---|---|---|---|---|---|
| Hand, 260 F.Supp. 38 (M.D.Ga.1966) | 24 Hour Pass | Public Highway across military base | Personal | Auto Accident with Army Jeep | Action Maintainable |
| Mills, 499 F.2d 866 (9th Cir.1974) | Furlough | Navy-maintained road adjacent to naval depot (open to public use) | Personal | Motorcycle Accident; Government negligent in maintaining road | Action Maintainable |

**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard A. ROSEN, Robert Esson Rew and David Benton Holmes,**
**Defendants-Appellants.**

**No. 84–5220.**

United States Court of Appeals,
Eleventh Circuit.

July 1, 1985.

David Caywood, Memphis, Tenn., Charles O. Farrar, Jr., Coral Gables, Fla., for R. Rosen.

Bruce E. Wagner, Ft. Lauderdale, Fla., for R. Rew.

Jon A. Sale, Ira N. Loewy, Benedict A. Kuehne, Miami, Fla., for D. Holmes.

Stanley Marcus, U.S. Atty., Linda Collins-Hertz, Sonia O'Donnell, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before RONEY and TJOFLAT, Circuit Judges, and BROWN *, Senior Circuit Judge.

PER CURIAM:

Defendants Rosen, Rew and Holmes were convicted of various charges involving conspiracy, attempt, and importation relating to the smuggling of marijuana to the United States from Jamaica. On appeal defendants claim (1) insufficiency of the evidence; (2) inconsistency of the evidence with the charges in the indictment; and (3) erroneous sentencing in that the statutory maximum sentence for importation or attempted importation was exceeded. We affirm the convictions but hold the statutory maximum sentences were exceeded, which the Government does not contest, and remand to the district court for resentencing.

Rosen and Rew are pilots who flew an aircraft to Jamaica on September 2, 1981, to pick up a load of marijuana, but returned empty a day later, apparently because of a scheduling problem. The plan to bring in the marijuana was devised by codefendants Holmes and Savage. After the Jamaican mishap, Rosen refused to continue in the scheme. Rew and Savage, presently a fugitive, and codefendant Webster, who testified for the Government and was not prosecuted in this action, planned a further smuggling flight, this time from Colombia. Testimony at trial indicated that Rew piloted this plane, which crashed in rural St. Lucie County with 28 bales of marijuana aboard on October 19, 1981.

Viewed in the light most favorable to the Government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), the evidence was sufficient to convict Rosen and Rew of conspiracy and attempt. Guilt of conspiracy can be inferred from a "development and collection of circumstances." *Id.* Rosen claims that he was actually a confidential informer for the Government, but the record indicates that he was heavily involved in the drug trade outside of his

---

informant "duties." The same is true of Rew, who claims he went along only because of Rosen's status.

The defendants' objective acts in attempting to import marijuana were unequivocal. The only reason Rosen and Rew returned empty-handed from Jamaica is that the marijuana was not ready when they arrived and the plane had picked up a military escort on the way down. Defendants' acts clearly supported the attempt conviction. *See United States v. Mandujano*, 499 F.2d 370 (5th Cir.1974), *cert. denied*, 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812 (1975); *United States v. McDowell*, 705 F.2d 426 (11th Cir.1983).

■ As for Rew's conviction of marijuana importation, the Government had to prove only that Rew aided and abetted the importation. *United States v. Brooks*, 703 F.2d 1273 (11th Cir.1983). A review of the record shows that a reasonable jury could have found that Rew flew the ill-fated October 19, 1981 flight from Colombia which crashed in St. Lucie County with approximately 1400 pounds of marijuana packed in 28 bales aboard.

Rew's claim that the Government failed to prove the substance found aboard the crashed airplane was marijuana is meritless. The officers who investigated the crash scene were experienced and had identified marijuana on numerous prior occasions. Their testimony was sufficient for a reasonable jury to find the substance to be marijuana. *See United States v. Sanchez*, 722 F.2d 1501 (11th Cir.), *cert. denied*, — U.S. ——, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984); *United States v. Jones*, 480 F.2d 954 (5th Cir.1973), *cert. denied*, 414 U.S. 1071, 94 S.Ct. 582, 38 L.Ed.2d 476 (1974); *United States v. Ferguson*, 555 F.2d 1372, 1373 (9th Cir.1977).

■ Holmes' argument that a variance existed between the proof at trial and the indictment is based on an allegation that the evidence at trial proved two separate conspiracies while the indictment alleged only a single conspiracy. Whether one or multiple conspiracies are proven depends on whether the evidence demonstrates a "single enterprise." *Kotteakos v. United States*, 328 U.S. 750, 769, 66 S.Ct. 1239, 1250, 90 L.Ed. 1557 (1946). That is a jury question. *United States v. Michel*, 588 F.2d 986, 995 (5th Cir.1979), *cert. denied*, 444 U.S. 825, 100 S.Ct. 47, 62 L.Ed.2d 32 (1980). No evidence in the record suggests the jury acted unreasonably in finding that Holmes was involved in a single marijuana conspiracy. The only goal of the conspiracy was to import marijuana. The fact that Holmes did not personally involve himself in the second flight from Colombia does not establish two separate conspiracies when the goal remained the same.

■ The Government agrees with defendant Holmes that the trial court erred in sentencing him to 12 years and fining him $25,000 on Count II, which charged him with intent to import marijuana. The maximum sentence for such a charge is five years imprisonment and a $15,000 fine. 21 U.S.C.A. §§ 960(b)(2); 963. The only dispute is whether the whole sentence should be remanded for resentencing on both counts in Holmes' conviction or whether resentencing should be restricted to the one count. Holmes' sentence was as follows:

FIVE (5) YEARS as to Count 1. It is adjudged that on Count 2 that the defendant is hereby committed to the custody of the Attorney General ... for imprisonment for a term of TWELVE (12) YEARS. It is the further order of this Court that the defendant is fined the sum of $15,000 as to Count 1, and $25,000 as to Count 2. The fine in Count 2 is cumulative to that in Count 1 ....

The court could possibly have given a heavier sentence on Count I. The enhanced penalty provision of 21 U.S.C.A. § 841(b)(6) was applicable there, because more than 1,000 pounds of marijuana was involved, but could not affect Count II.

The Third Circuit has held that in a direct appeal from multiple count criminal convictions, where the several sentences are interdependent, an appellate court may vacate all sentences even if only one is re-

versed on appeal. *United States v. Busic*, 639 F.2d 940, 947 (3rd Cir.), *cert. denied*, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981). There, defendants LaRocca and Busic were convicted on a multi-count indictment of narcotics and possession of firearms counts, and on two counts of armed assault on federal officers is violation of 18 U.S.C.A. § 111. LaRocca was the triggerman and Busic an aider and abettor, although derivatively a principal under 18 U.S.C.A. § 2. LaRocca was also convicted of using a firearm in a felony, 18 U.S.C.A. § 924(c)(1), and Busic of carrying a firearm during a federal felony in violation of 18 U.S.C.A. § 924(c)(2). They were sentenced to a total of 30 years imprisonment: five years on concurrent narcotics sentences, five as concurrent terms on the firearms and assault charges, and twenty for the § 924(c) violations.

After a granting of rehearing, at which it was determined that LaRocca's sentence could not be augmented under both section 111 and section 924(c), then a reversal and remand by the Supreme Court, *see Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), which vacated the sentences imposed under section 924(c), the question before the court was whether it could vacate not only the erroneous section 924(c) sentences, but also those lawfully imposed under section 111. As in the instant case, the Government sought remand on the unchallenged counts because under those counts the district court could resentence the defendants under a special enhancement provision. The Supreme Court had noted the problem of remanding unchallenged counts for resentencing but refused to address it. *Busic*, 446 U.S. at 412, n. 19, 100 S.Ct. at 1756 n. 19.

The circuit court in *Busic* carefully analyzed the issue for double jeopardy concerns and found none. There was no question of multiple punishments for the same offense, only a resentencing to replace a sentence held invalid by the Supreme Court. 639 F.2d at 947. *See also North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. Hodges*, 628 F.2d 350 (5th Cir.1980). The

court held that all sentences, challenged or not, could be remanded for resentencing "which may be greater than, less than, or the same as the original sentence." 639 F.2d at 953. To the argument that the court could not remand an unchallenged sentence, the court noted that "[w]hen a defendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan." 639 F.2d at 947, n. 10.

Such is the case here. Holmes is challenging his entire conviction on direct appeal, not simply his sentence on Count II. His sentences are interdependent. They stem from the same criminal transaction.

Alleging that a double jeopardy violation will occur if the district court resentences him for a conviction on Count I, affirmed on this appeal, Holmes relies on *Chandler v. United States*, 468 F.2d 834 (5th Cir. 1972). There, the defendant filed a motion pursuant to 28 U.S.C.A. § 2255 to vacate or set aside the illegal sentence on one count of her multi-count conviction. The district court reduced the sentence challenged from five to three years, but then increased the sentence on an unchallenged count from two to five years. We held the sentence increase on the unchallenged count to be a violation of the double jeopardy clause of the Fifth Amendment.

In our judgment, however, there is a difference between a collateral attack on a particular sentence under Fed.R.Crim.P. 35 or 28 U.S.C.A. § 2255, and a direct appeal from multiple count convictions. With a collateral attack, only a specific sentence on a specific count is before the district court. The narrow scope of review on a collateral attack is almost jurisdictional in nature. The court has power only over what is brought before it. On a direct appeal, however, none of the sentences has become final and the appellate court has all sentences before it. 28 U.S.C.A. § 2106. In *Chandler*, the conviction and sentence on the unchallenged count had been affirmed through the appellate process and was not before the district court on the

§ 2255 petition. Here, all aspects of Holmes' convictions and sentences are before the Court on this appeal.

The Government would have us rely on *Johnson v. United States*, 619 F.2d 366 (5th Cir.1980), in which the court, on a collateral attack against two of three sentences, remanded on the single valid sentence, even though a remand was not requested, because the "District Court should at least be able to reconsider" whether its sentence on that count was too "harsh." 619 F.2d at 368. *Johnson* would be binding on this Court, *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), even though it may have been overruled after October 1, 1981 by the current Fifth Circuit in *United States v. Henry*, 709 F.2d 298, 318 (5th Cir.1983) (*en banc*) (Jolly, J. concurring). It is hard to square *Johnson* with *Chandler*, however, except to note that the *Johnson* appellate court focused on the reduction of the sentence which, of course, would raise no double jeopardy problems about which the defendant could complain.

■ In any event, we do not rely on *Johnson*, but follow here the careful reasoning of the Third Circuit in *Busic* as the correct rule on a direct appeal. Sentencing on a multi-count conviction is an interrelated and intertwined process because of the statutory provisions for concurrent and consecutive sentences. *See generally*, Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C.A. § 801 *et seq.* Where an entire conviction is challenged on direct appeal, double jeopardy and due process are not implicated when all sentences, both proper and improper, are remanded, because of the holistic nature of the trial judge's sentencing decision. Multiple count convictions present the trial judge with the need for a sentencing scheme which takes into consideration the total offense characteristics of a defendant's behavior. When that scheme is disrupted because it has incorporated an illegal sentence, it is appropriate that the entire case be remanded for sentencing.

■ A similar problem affects the sentence of defendant Rew. Rew was sentenced as follows:

> SEVEN (7) YEARS as to each of Counts 1, 2, and 3, said sentences to run concurrent with each other ... a special parole term of THREE (3) YEARS as to Count 2 and THREE (3) YEARS as to Count 3, said sentences to run consecutive to each other.

> The defendant is fined the sum of $20,-000 as to Count 1, $15,000 as to Count 2, and $20,000 as to Count 3, said fines to be cumulative to each other.

The Government concedes that Rew's fine under Count II exceeds the statutory minimum by $5,000. Because Rew's improper seven-year sentence on Count II was to run concurrently with a properly imposed seven-year sentence under Count I, the Government contends that his sentence need not be reviewed due to the concurrent sentence doctrine. *See United States v. Whitaker*, 592 F.2d 826, 831 (5th Cir.1979), *cert. denied*, 444 U.S. 950, 100 S.Ct. 422, 62 L.Ed.2d 320 (1980). The concurrent sentence doctrine, however, only applies where there is no substantial possibility that the unreviewed conviction will adversely affect future parole. *United States v. Alfrey*, 620 F.2d 551, 557 (5th Cir.1980). As it stands, Rew's sentences are so intertwined between valid and invalid sentences and the effect on any possible future parole so uncertain that Rew's sentences on all counts are remanded for resentencing.

Defendant Rosen's motion to adopt the positions of his co-defendants was granted at oral argument. Thus even though his appellate brief failed to discuss the issue, we remand his sentences for the same reasons given above. Rosen was sentenced to eight years on Count II, three years over the statutory maximum, to run concurrently with an eight-year sentence on Count I and a two-year sentence on Count III. Although resentencing may not affect the extent of his sentence, it could, as in Rew's case, interfere with parole so the concurrence sentence doctrine is not applicable.

Defendants Holmes', Rew's and Rosen's sentences on all counts are vacated and remanded to the district court for resentencing within the statutory maximum for each offense.

AFFIRMED in part, VACATED in part, and REMANDED.