**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Garland Claude COCHRAN,**
**Defendant–Appellant.**

No. 88–8708.

United States Court of Appeals,
Eleventh Circuit.

Sept. 15, 1989.

E. Freeman Leverett, Elberton, Ga., Robert B. Thompson, Gainesville, Ga., for defendant-appellant.

Craig A. Gillen, U.S. Atty's. Office, Atlanta, Ga., for plaintiff-appellee.

Before HILL and COX, Circuit Judges, and SNEED *, Senior Circuit Judge.

* Honorable Joseph T. Sneed, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

HILL, Circuit Judge:

If, at the defendant's request, a district judge vacates all of the defendant's concurrent sentences because they are illegal, is the judge obligated to reimpose concurrent terms on resentencing? That is the central question presented in this case, and we answer it in the negative.

In 1983, a jury convicted Garland Claude Cochran of committing four federal narcotics offenses in the Northern District of Georgia.[1] Ordinarily, the maximum penalty for these offenses is fifteen years incarceration, but because of a prior marijuana conviction, the district court enhanced Cochran's sentences to 30 years on each count to be served concurrently and to be followed by a special parole term of six years.[2] However, in June, 1988, after his convictions and sentences had been affirmed on appeal, Cochran filed a motion to vacate all of his sentences pursuant to Federal Rule of Criminal Procedure 35(a).[3] He alleged that his sentences were illegal because the United States had not complied with 21 U.S.C.A. § 851 (West 1981), which sets forth procedural requirements for the enhancement of sentences. *See United States v. Olson,* 716 F.2d 850, 853 (11th Cir.1983) (failure to satisfy section 851 deprives district court of authority to enhance defendant's sentences). The government conceded the illegality of Cochran's enhanced sentences, and the district court vacated them. The court replaced Coch-

ran's 30 year concurrent sentences with a package of unenhanced concurrent and consecutive sentences totaling 25 years plus a six year parole term.[4]

Cochran challenges the district court's second sentencing scheme in this appeal. He contends that his Rule 35(a) motion challenged only the illegal enhancements but not the concurrent service of each term. Consequently, the court was obligated to eliminate the fifteen year enhancements while leaving the concurrent service in place. Cochran thus urges that he should have received a maximum of fifteen years on each count to be served concurrently. In support of this contention, appellant relies on *United States v. Henry,* 709 F.2d 298 (5th Cir.1983) (en banc), the Double Jeopardy Clause, and the Due Process Clause of the Fifth Amendment.[5] We consider each argument in turn.

In *United States v. Henry,* a defendant, convicted and sentenced on three counts, challenged via Rule 35(a) the legality of one of his convictions. 709 F.2d at 301. The district court ultimately vacated the illegal conviction and sentence, and then modified the two remaining sentences, although neither was unlawful nor under collateral attack. The district court ordered, *inter alia,* that the two sentences, which ran concurrently with each other, should be served consecutively. The effect of the change was to lengthen the defen-

---

**1.** The jury convicted Cochran of conspiracy to import cocaine, in violation of 21 U.S.C.A. § 963 (West Supp.1989) (Count 5); importation of cocaine, in violation of 21 U.S.C.A. § 952 (West Supp.1989) (Count 6); conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C.A. § 846 (West Supp.1989) (Count 7); and attempt to possess with intent to distribute cocaine, also in violation of 21 U.S.C.A. § 846 (Count 8).

**2.** We refer, of course, to the penalty statutes in effect at the time of appellant's convictions. *See* 21 U.S.C.A. § 960(b)(1) (West 1981) (prescribing penalties for importation of narcotics); 21 U.S. C.A. § 962(a) (West 1981) (enhancement); 21 U.S.C.A. § 841(b) (West 1981) (penalties for possession with intent to distribute). Since then, Congress has revised these penalty provisions. *See* § 960(b) (West Supp.1989); § 841(b) (West Supp.1989).

**3.** For offenses committed prior to November 1, 1987, the applicable Rule 35(a) provides in pertinent part that "[t]he court may correct an illegal sentence at any time...." Rule 35(a) has since been revised but that revision has no relevance to this case.

**4.** The district court imposed the following sentences: Ten years on Count 5; fifteen years and a special parole term on Count 6, to be served consecutively to the sentence imposed on count 5; ten years on count 7, to be served concurrently with count 5; and fifteen years on count 8 to be served concurrently with the other sentences.

**5.** Appellant also cites *United States v. Olson,* 727 F.2d 1015 (11th Cir.1984), in support of his cause. The *Olson* panel expressly declined to reach any of the issues relevant to this case, however, and is thus inapplicable.

dant's incarceration under the remaining counts in order to approximate the district court's original sentencing intent. *Id.* at 301–02. The Fifth Circuit reversed. The pertinent debate centered on whether an "illegal sentence," as set forth in Rule 35(a), defines the aggregate of prison terms imposed upon a defendant after multiple count convictions, or whether "illegal sentence" carries a narrower definition— that is, "the *specific* consequence of a *specific* violation of a *specific* federal statute." *Id.* at 310 (emphasis in original). Opting for the narrow definition, the plurality concluded that a district court can only correct the sentence on a specific count which is found to be illegal; the court must leave untouched sentences on counts which are neither unlawful nor challenged by the defendant. *Id.* at 317; *Contra Id.* at 333 (Gee, J., dissenting) (illegal sentence speaks of entire sentence comprising all counts). The plurality also opined, but did not hold, that increasing lawful sentences previously imposed might implicate double jeopardy since a defendant has a right to finality in a sentence once service has begun. *Id.* at 309–10. Finally, the plurality suggested that resentencing on unchallenged counts might raise due process problems under *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Id.* at 315–16.

▪ Applying *Henry* to this case, Cochran urges that if a judge is prohibited from modifying the sentence of a count which not challenged via Rule 35(a), then surely he is prohibited from modifying an unchal- lenged, legal *aspect* of an otherwise illegal sentence—in this case, the concurrent service. *Henry* simply does not reach that far, however. The *Henry* plurality expressly recognized that an illegal sentence on a particular count is a "nullity," *Id.* at 308, 317, and that the district court has the power, indeed the "duty," to vacate it. *Id.* This is precisely what the district court did here, except that *all* of Cochran's sentences were illegal. Nothing in *Henry* suggests that an illegal sentence must be broken down into various components such as concurrent service or enhancement. The rub in that case concerned the district court's power to amend sentences on counts which are neither illegal nor challenged by the defendant. That issue is not presented here since all of Cochran's sentences were unlawful. In fact, the Fifth Circuit has held that *Henry* is inapplicable to a case in which the district court vacates all of the defendant's sentences pursuant to Rule 35(a). *See United States v. Crawford,* 769 F.2d 253, 258 (5th Cir.1985), *cert. denied,* 474 U.S. 1103, 106 S.Ct. 887, 88 L.Ed.2d 922 (1986) ("Correction of a sentence imposed in an illegal manner does not violate double jeopardy even if the correction increases the punishment, and the fact that [the defendant] has commenced serving the sentence is irrelevant.") (brackets in original) (quoting *United States v. Stevens,* 548 F.2d 1360, 1362–63 (9th Cir.), *cert. denied,* 430 U.S. 975, 97 S.Ct. 1666, 52 L.Ed.2d 369 (1977)). Thus we leave the resolution of the issues raised in *Henry* for another day.[6]

6. While not resolving the issues in *Henry,* we note that resentencing in multiple conviction settings has received considerable attention in the federal courts. The most common concern in these cases involves the limits which the Double Jeopardy Clause places on resentencing a defendant on counts which are neither unlawful nor challenged. The cases may be divided into two contexts: (1) resentencing after a direct appeal; and (2) resentencing after a collateral attack as in *United States v. Henry.*

The Eleventh Circuit established the distinction between direct appeal and collateral attack in *United States v. Rosen,* 764 F.2d 763, 766 (11th Cir.1985), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986). There, the court observed that on collateral attack, the power of a court to modify unchallenged sentences may be more limited because "only a specific sentence on a specific count is before the district court.... The court has power only over what is brought before it." *Id.* In contrast, where the defendant successfully challenges one of his sentences on direct appeal, as in *Rosen,* the power to alter the entire sentencing package is greater because "none of the sentences has become final and the appellate court has all sentences before it." *Id.* Thus, the *Rosen* court concluded that it could remand the case to the district court for resentencing on all counts. According to the court:

Where an entire conviction is challenged on direct appeal, double jeopardy and due process are not implicated when all sentences, both proper and improper, are remanded, be-

■ We next consider whether the Double Jeopardy Clause of the Fifth Amendment precluded the district court from imposing consecutive and concurrent sentences totaling twenty-five years. Cochran relies on *United States v. Jones*, 722 F.2d 632 (11th Cir.1983). There, we found a violation of double jeopardy where the judge, *sua sponte*, increased a legal sentence after the defendant began serving it. We opined that the Double Jeopardy Clause protects a defendant's legitimate expectation that a lawful sentence previously imposed will not be increased thereafter. *Id.* at 638. Thus, absent statutory authority to modify a sentence or the defendant's deception of the sentencing authority, the judge may not augment a lawful sentence once service has begun. *Id.* at 638–39. Although conceding that the district court reduced his overall term of imprisonment by five years, appellant apparently contends that he had an expectation that the concurrent service of his original sentences would remain, since he neither challenged those aspects of his sentences nor were they found to be illegal. In so arguing, appellant essentially contends that he expected to receive unenhanced, concur-

rent fifteen year sentences (as opposed to a twenty five year term), and that expectation is protected by double jeopardy. We disagree.

■ The Double Jeopardy Clause affords the defendant three basic protections. The Clause protects against a second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *Jones v. Thomas*, —— U.S. ——, 109 S.Ct. 2522, 2525, 105 L.Ed.2d 322 (1989); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). It is the multiple punishment prohibition which may be violated when a defendant's original sentence is increased in a second proceeding, as occurred in *Jones*. In such a circumstance, the double jeopardy inquiry turns on the extent and legitimacy of a defendant's "expectation of finality in the original sentence," *United States v. DiFrancesco*, 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980). *See Jones*, 722 F.2d at 638; *United States v. Fogel*, 829 F.2d 77, 87 (D.C.Cir.1987).[7] The Constitution protects this expectation of finality in

cause of the holistic nature of the trial judge's sentencing decision. Multiple count convictions present the trial judge with the need for a sentencing scheme which takes into consideration the total offense characteristics of a defendant's behavior. When that scheme is disrupted because it has incorporated an illegal sentence, it is appropriate that the entire case be remanded for sentencing. *Id.* at 767; *see also United States v. Alvarez–Moreno*, 874 F.2d 1402, 1414 (11th Cir.1989) (same); *United States v. Lail*, 814 F.2d 1529, 1530 (11th Cir.1987) (same).

In the second category of cases—those like *Henry* which involve resentencing after a successful collateral attack—the former Fifth Circuit held that resentencing on an unchallenged count violates double jeopardy. *United States v. Chandler*, 468 F.2d 834, 835–36 (5th Cir.1972). *Chandler* is subject to reexamination, however, under the double jeopardy analyses set forth in our more recent sentencing decision of *United States v. Jones*, 722 F.2d 632, 638 (11th Cir.1983) and the Supreme Court's decision in *United States v. DiFrancesco*, 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980), which we discuss below. Other courts remain sharply divided on whether double jeopardy precludes a judge from altering sentences which are neither

illegal nor challenged on collateral attack after a portion of the original sentencing scheme is overturned. *See, e.g., United States v. Bentley*, 850 F.2d 327, 328–30 (7th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 501, 102 L.Ed.2d 537 (1988) (rejecting *Henry*; holding that neither Double Jeopardy nor Rule 35(a) prevents a district judge from modifying an entire sentencing package on collateral attack); *contra United States v. Minor*, 846 F.2d 1184, 1188 (9th Cir. 1988) (adopting *Henry*; authority to vacate and amend a sentence pursuant to Rule 35(a) extends only to illegal sentences of specific counts and does not extend to revising the whole sentencing scheme).

7. *See also Thomas*, 109 S.Ct. at 2528 (defendant, convicted of attempted robbery and murder, had no expectation of only serving an attempted robbery sentence); *Id.* at 2533 (Scalia, J., dissenting) (defendant had a legitimate expectation of serving robbery sentence only); *Pennsylvania v. Goldhammer*, 474 U.S. 28, 30–31, 106 S.Ct. 353, 353–52, 88 L.Ed.2d 183 (1985) (remand to determine whether state law precluded expectation of finality in sentence); *United States v. DiFrancesco*, 449 U.S. at 139, 101 S.Ct. at 438 (1980) (no expectation of finality where statute provided government with right to appeal length of sentence).

the length of a lawful sentence because "[t]he Double Jeopardy Clause is a statute of repose for sentences as well as for proceedings." *Jones,* 109 S.Ct. at 2531 (Scalia, J., dissenting). If this were not true, the prohibitions against successive prosecutions would be meaningless; "a court could achieve the same result as a second trial by simply resentencing a defendant after he has served all or part of an initial sentence." *U.S. v. Fogel,* 829 F.2d 77 at 88. (D.C.Cir.1987).

Here, of course, the appellant's claim fails because, as he concedes, the district court reduced his overall sentence by five years, in contrast to the increase which occurred in *Jones.* Cochran suffered from no greater jeopardy on resentencing. Moreover, any expectation of finality in a sentence is wholly absent where, as here, the defendant requests that his prior sentences be nullified. The defendant has, by his own hand, defeated his expectation of finality, and "the Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." *United States v. Scott,* 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978); *cf. Jones,* 722 F.2d at 635 (judge, as opposed to defendant, increased legitimate sentence *sua sponte* ); *Fogel,* 829 F.2d at 89 (defendant retained expectation of finality because, *inter alia,* he did not challenge his original sentence).

For purposes of the Double Jeopardy Clause, Cochran's position was virtually identical to that of a defendant reconvicted following a successful appeal: The original sentence, like the prior conviction, has "at the defendant's behest, been wholly nullified and the slate wiped clean." *Pearce,* 395 U.S. at 721, 89 S.Ct. at 2078 (1969). Resentencing does not create multiple punishments for the same offense since the prior punishment is void, provided that the defendant receives credit for time served. *Id.* at 718–19, 89 S.Ct. at 2077.[8] Here,

assuming credit for time served, the slate was entirely wiped clean. We find no merit in Cochran's efforts to distinguish the enhanced portion of his sentences from the concurrent service in order to impose a fifteen year maximum on his new punishment. Once the court nullified the thirty year sentences, they were void in their entirety, including any enhancement and form of service. The district judge was free to reconstruct Cochran's punishment by imposing unenhanced consecutive and concurrent sentences which approximated his original sentencing intent of thirty years imprisonment. As the Supreme Court observed over forty years ago, "[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner." *Bozza v. United States,* 330 U.S. 160, 166–67, 67 S.Ct. 645, 648–49, 91 L.Ed. 818 (1947).

Resentencing may also implicate the Due Process Clause if, after the vacatur of a defendant's sentences, the district court imposes a harsher punishment. *Pearce,* 395 U.S. at 726, 89 S.Ct. at 2081. That prerequisite is obviously absent here since the district court reduced Cochran's overall term of incarceration.

In addition, Cochran contends that the district court erred in imposing separate sentences for his convictions of conspiracy to possess with intent to distribute cocaine (Count 7) and attempt to possess with intent to distribute cocaine (Count 8), both in violation of 21 U.S.C.A. § 846. Appellant argues that both crimes require overt acts, and, since both counts arose from the same transaction, the court erred in imposing separate sentences. Appellant's contentions are without merit.

To establish a conspiracy, "[a]n overt act is not required, only proof that the defendant conspired to commit the prohibited offense." *United States v. Sanchez,* 722 F.2d 1501, 1505 (11th Cir.), *cert. denied,*

---

8. Another qualification to the clean slate rationale involves resentencing in capital cases. In *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), the Court held that the defendant sentenced to life imprisonment by a capital sentencing jury is protected by the Double Jeopardy Clause against imposition of the death penalty in the event of reversal of the conviction, retrial and reconviction.

467 U.S. 1208, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984); *see also United States v. Boldin,* 779 F.2d 618, 619 (11th Cir.), *cert. denied,* 475 U.S. 1048, 106 S.Ct. 1269, 89 L.Ed.2d 577 (1986) (amending prior opinion to omit an overt act requirement from the elements of proof necessary for a conspiracy in violation of section 846). In contrast, an attempt requires "conduct which constitutes a substantial step toward the commission of the crime." *United States v. Collins,* 779 F.2d 1520, 1530 (11th Cir. 1986); *United States v. Forbrich,* 758 F.2d 555, 557 (11th Cir.1985). Because each offense requires proof of different facts, *see Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), we have held that prosecuting a defendant on attempt and conspiracy charges does not violate double jeopardy even though both offenses arose out of a single narcotics transaction. *United States v. Anderson,* 651 F.2d 375, 378–79 (5th Cir. Unit A 1981).[9] There can be no double jeopardy bar, therefore, to punishing a defendant for both crimes, as occurred here.

For the foregoing reasons, we conclude that the district court resentenced the appellant properly. The judgment of the district court is AFFIRMED.

---

**9.** The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.