# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 18, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20122
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDUARDO AGUIRRE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CR-36-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Eduardo Aguirre appeals the 235-month sentence imposed following his resentencing after his guilty plea conviction for aiding and abetting in the possession with intent to distribute more than 100 kilograms of marijuana.

Aguirre argues that the district court failed to comply with this court's mandate at resentencing because it imposed the same sentence initially imposed. In implementing a mandate upon remand, the district court "must

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed within the letter and spirit of the mandate by taking into account the appeals court's opinion and the circumstances it embraces." United States v. Piniero, 470 F.3d 200, 205 (5th Cir. 2006). The district court complied with this court's mandate by allowing the Government's informant to testify and assessing the credibility of his testimony with respect to drug quantity.

Aguirre argues that the preponderance of the evidence did not show that the Government's informant was credible or that Aguirre was responsible for distributing over 3000 kilograms of marijuana. Following United States v. Booker, 543 U.S. 220 (2005), this court continues to review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. United States v. Villanueva, 408 F.3d 193, 202, 203 & n.9 (5th Cir. 2005). The district court extensively questioned the Government's informant at resentencing and also heard the informant's testimony on redirect and cross-examination, which allowed the district court to evaluate the credibility of the informant's testimony.

The informant's testimony showed that his various trips to Houston to transport marijuana were all part of the same course of conduct and, thus, constituted relevant conduct. Based upon the informant's testimony, the district court did not clearly err in determining that Aguirre was responsible for over 3000 kilograms of marijuana. United States v. Cabrera, 288 F.3d 163, 172 (5th Cir. 2002).

Aguirre also argues that the district court erred by denying him a reduction based on acceptance of responsibility. Notwithstanding the Government's assertion to the contrary, Aguirre's argument is properly before this court. See Johnson v. United States, 619 F.2d 366, 367 (5th Cir. 1980). The district court's determination that Aguirre did not accept responsibility for what the evidence showed his conduct was is not without foundation. See United States v. Angeles-Mendoza, 407 F.3d 742, 753 (5th Cir. 2005); United States v.

Solis, 299 F.3d 420, 458 (5th Cir. 2002); United States v. Shipley, 963 F.2d 56, 59 (5th Cir. 1992).

AFFIRMED.