**Bernie Thomas MONTOYA, Petitioner–Appellant,**

v.

**STATE OF NEW MEXICO and John Shanks, Warden, Respondents– Appellees.**

No. 94–2186.

United States Court of Appeals, Tenth Circuit.

May 22, 1995.

---

Stephen P. McCue, Asst. Public Defender, Office of the Public Defender, Albuquerque, NM, for petitioner-appellant, Bernie Thomas Montoya.

Daniel F. Haft, Asst. Atty. Gen., and Tom Udall, Atty. Gen., Office of the Atty. Gen., State of N.M., Santa Fe, NM, for respondents-appellees State of N.M. and John Shanks, Warden.

Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Habeas petitioner Bernie Thomas Montoya appeals from the district court's order adopting the magistrate judge's recommended disposition. The district court dismissed the petition, which challenged on double jeopardy grounds a sentence enhanced twice under

the New Mexico Habitual Criminal Act, N.M. Stat. §§ 31–18–17 to 31–18–20. The court concluded that the second enhancement did not constitute double jeopardy because it was specifically contemplated in Mr. Montoya's plea agreement. We exercise jurisdiction under 28 U.S.C. § 2253, and affirm.

## Facts

Mr. Montoya, who had two prior burglary convictions, was arrested in 1988 and charged with one state count of unlawful taking of a motor vehicle and two state counts of auto burglary. He entered a plea agreement whereby he pleaded guilty to the "unlawful taking" count and admitted his two prior felonies; in return, the other counts were dropped. Pursuant to the plea agreement, Mr. Montoya was sentenced on January 19, 1989, to an eighteen-month suspended sentence for the unlawful taking of a motor vehicle, one year in prison as a habitual offender under N.M. Stat. § 31–18–17,[1] and eighteen months' probation after confinement. The terms of the plea arrangement also provided that the state could pursue additional habitual offender proceedings to enhance Montoya's sentence in the event that his probation was revoked or he otherwise failed to fulfill his obligations under the agreement.[2]

Following his prison term, Mr. Montoya violated the conditions of his probation. As a result, probation was revoked, and he was sentenced to the previously suspended eighteen months, plus an additional four years as a habitual offender. He received full credit for the one year he had already served. After exhausting his state remedies, he filed a habeas petition in district court, contending that the four-year enhancement constituted double jeopardy. The petition was dismissed, and this appeal followed.

## Discussion

■ On appeal Mr. Montoya renews his contention that the second enhancement of his sentence violates the constitutional prohibition against double jeopardy. Given Mr. Montoya's informed and voluntary consent to the terms of the plea agreement, we conclude that no violation occurred.

■ The Double Jeopardy clause provides three separate protections for criminal defendants: against prosecution for the same offense after an acquittal, against prosecution for the same offense after a conviction, and against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Only the last two protections are implicated here. Mr. Montoya asserts that the second habitual offender proceeding was a second prosecution, resulting in a second punishment, for the same offense.

■ New Mexico's habitual offender statute does not create a new offense, and the proceeding that it mandates is merely a sentencing procedure, not a trial. *Perez v. Sullivan*, 793 F.2d 249, 257 (10th Cir.1986), *cert. denied*, 479 U.S. 936, 107 S.Ct. 413, 93 L.Ed.2d 364 (1986). Sentencing procedures traditionally receive less double jeopardy protection than do prosecutions. *See United States v. DiFrancesco*, 449 U.S. 117, 133–136, 101 S.Ct. 426, 435–37, 66 L.Ed.2d 328 (1980). It is nonetheless true that a habitual offender proceeding under the New Mexico statute affords a defendant many of the protections

---

1. N.M. Stat. § 31–18–17(B) provides that any person who is convicted of a noncapital felony and who has already been convicted of a prior felony shall receive a sentence enhancement of one year. Subsection (C) provides a sentence enhancement of four years for two prior felonies. The sentences imposed under those subsections cannot be suspended or deferred.

2. Having admitted two prior felonies, Mr. Montoya could have received a total sentence enhancement of four years, not one. The plea agreement expressly reserved the state's right to seek the additional enhancement:

In the event the defendant violates any municipal, county, state or federal law of any jurisdiction after the entry of this plea or in any way violates any of the conditions of any probation or parole to which he may be or become subject after entry of this agreement, the State may and will file additional, Habitual Offender Proceedings against the defendant and may and will use the defendant's admission of identity on the prior felony convictions in such additional Habitual Offender Proceedings, regardless of whether probation or parole is revoked as a result of such violation.

Rec. vol. I, doc. 12 ex. C ¶ 6

he would receive in a trial. *Linam v. Griffin*, 685 F.2d 369, 372 (10th Cir.1982), *cert. denied*, 459 U.S. 1211, 103 S.Ct. 1207, 75 L.Ed.2d 447 (1983). Neither *Perez* nor *Linam* provides a bright-line double jeopardy standard for habitual offender proceedings, and the Supreme Court has also recently declined to address the question. *Caspari v. Bohlen*, —— U.S. ——, ——, 114 S.Ct. 948, 957, 127 L.Ed.2d 236 (1994).

■ However, Mr. Montoya could not prevail even under the most generous standard. We assume, without deciding, that a habitual offender proceeding receives the full panoply of double jeopardy protections granted in a criminal prosecution. Seen in that light, the state's quest for a second enhancement, based in part on a prior conviction already relied on for the first enhancement, would be analogous to prosecuting Mr. Montoya for a greater offense after pursuing and obtaining a conviction for a lesser included offense. Conviction for a lesser included offense bars reprosecution for the greater offense. *Brown v. Ohio*, 432 U.S. 161, 169, 97 S.Ct. 2221, 2227, 53 L.Ed.2d 187 (1977). ·

■ However, in such cases the defendant may still waive his double jeopardy defense by means of a plea agreement. *Ricketts v. Adamson*, 483 U.S. 1, 11, 107 S.Ct. 2680, 2686, 97 L.Ed.2d 1 (1987). Here Mr. Montoya, like the defendant in *Ricketts*, made a bargain that specifically contemplated the possibility of further charges against him. He then chose to realize that possibility by breaching the terms of the agreement. "[T]he Double Jeopardy Clause does not relieve him from the consequences of that choice." *Id.* Nor does the New Mexico statute precluding waiver of a double jeopardy defense, N.M. Stat. § 30–1–10, alter the contours of Mr. Montoya's rights under the U.S. Constitution. State claims are not cognizable in habeas proceedings unless they are constitutional in nature. *Davis v. Reynolds*, 890 F.2d 1105, 1109 n. 3 (10th Cir.1989).

■ Mr. Montoya next contends that the double enhancement constituted an impermissible multiple punishment that frustrated his legitimate "expectation of finality" in the sentence. *See DiFrancesco*, 449 U.S. at 139,

101 S.Ct. at 438. The question is therefore whether, having violated the conditions of his probation and the terms of his plea agreement, Mr. Montoya had a legitimate expectation that he would be still sentenced to no more than eighteen months.

We hold that he did not. The plea agreement unambiguously put Mr. Montoya on notice that the state would seek a further habitual offender enhancement if he violated the terms of the agreement, and that the enhancement might be based on any prior felony convictions acknowledged in the agreement. In *United States v. Welch*, 928 F.2d 915, 917 (10th Cir.), *cert. denied*, 502 U.S. 850, 112 S.Ct. 153, 116 L.Ed.2d 118 (1991), we held that a defendant who appeals his sentence has no expectation of finality therein. Similarly, Mr. Montoya "has, by his own hand, defeated his expectation of finality," *id.* at 917 (quoting *United States v. Cochran*, 883 F.2d 1012, 1017 (11th Cir. 1989)), by violating the terms of the plea agreement. See also *Williams v. Wainwright*, 650 F.2d 58, 61 (5th Cir. Unit B 1981), which rejected a double jeopardy challenge to the imposition of an increased sentence on a defendant who had violated the terms of his probation. There, as here, the defendant had been warned that an increased sentence would result from violation. We agree with the Fifth Circuit's conclusion: "We would find it inappropriate to strike down a state procedure which has afforded appellant the benefit of a reduced sentence conditioned upon his own efforts to reform." *Id.*

■ Mr. Montoya's argument against waiver is inapposite in this context as well. The Double Jeopardy clause does not give a defendant an absolute right to know the exact extent of his punishment. *DiFrancesco*, 449 U.S. at 136, 101 S.Ct. at 437. Mr. Montoya did not have a pre-existing constitutional interest in an eighteen-month sentence; thus, he could not have relinquished that right in the plea agreement. To the extent that Mr. Montoya had a legitimate expectation of finality in his sentence, it was provided by the plea agreement itself. *Cf. Lucero v. Kerby*, 7 F.3d 1520, 1522 (10th Cir.1993) (affirming defendant's increased sentence af-

ter revocation of probation as consistent with the original plea agreement).

Accordingly, we AFFIRM the decision of the district court.