**PEOPLE of the Territory of Guam, Plaintiff–Appellee,**

v.

**Francis L. GILL, Defendant–Appellant.**

**No. 94–10512.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 1995.

Decided July 19, 1995.

Barry K. Tagawa, San Francisco, CA, for defendant-appellant.

J. Andrew Artero–Boname, Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before: HUG, ALARCON, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

## OVERVIEW

Francis L. Gill appeals the District Court of Guam, Appellate Division's reversal of the Guam Superior Court's order dismissing on double jeopardy grounds the second of two indictments charging Gill with conspiracy to commit theft of government land. The Appellate Division determined that by successfully opposing the government's motion to consolidate the two indictments, Gill had relinquished his right to raise a double jeopardy claim. We have jurisdiction over this timely appeal pursuant to 48 U.S.C. § 1424–3(c), and we affirm.

## BACKGROUND

In October 1990, the government filed a superseding indictment against Gill, Thomas T. Anderson, and Joseph B. Cruz alleging, *inter alia*, a conspiracy to steal land belonging to the Territory of Guam, attempted theft, and conspiracy to tamper with records ("1990 indictment"). In May 1991, the territorial grand jury returned a second indictment against Gill, alleging Gill and Anderson conspired to steal different tracts of government land ("1991 indictment").

Prior to trial, the government filed a motion to consolidate the two indictments pursuant to 8 Guam Code Ann. § 65.30(a), which allows a court to "order two or more indictments ... to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment."

Gill opposed the government's motion, arguing that joinder was prohibited by 8 Guam Code Ann. § 55.35(b), which permits two defendants to be charged in the same indictment only "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Gill argued that the offenses charged in the two indictments were not the "same" because the 1990 indictment alleged Gill's participation in one conspiracy with Anderson and Cruz, while the 1991 indictment alleged Gill's participation in a different conspiracy involving only

Anderson. Additionally, Gill claimed a joint trial would be prejudicial. Defendant Cruz subsequently joined Gill in opposing the government's effort to consolidate the indictments.

The superior court ruled in favor of the defendants and denied the government's motion for joinder. Gill proceeded to trial on the 1990 indictment charges, and eventually was convicted of conspiracy and attempted theft. Gill then filed a motion to dismiss the 1991 indictment, asserting that the offenses charged in the two indictments were, after all, the "same" and that a second prosecution was therefore barred by the Double Jeopardy Clause. The superior court granted Gill's motion after concluding 1) Gill had not waived his double jeopardy claim, and 2) the conspiracies charged in the two indictments were identical.

The Appellate Division of the District Court of Guam reversed the superior court's dismissal of the 1991 indictment and remanded for a trial on the merits. Relying on *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (plurality), the Appellate Division held "that Gill relinquished his double jeopardy claim by opposing consolidation of the two indictments against him." Gill timely appeals.

## DISCUSSION

 The Double Jeopardy Clause [1] affords a defendant three basic protections:

> [I]t protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984) (internal quotations omitted). Unquestionably, "[t]he Government violates the Double Jeopardy Clause if it divides a single conspiracy into multiple prosecutions." *United States v. Elgersma*, 979 F.2d 750, 754 (9th Cir.1992). The government contends, however, that re-

gardless of whether the conspiracies charged in the two indictments are the same, Gill's opposition to the consolidation of the indictments prevents Gill from objecting to a second trial. In response, Gill claims his opposition to the government's joinder motion was not a "knowing, intentional waiver" of his "double jeopardy rights."

Gill misapprehends the nature of the inquiry when the defendant is the party responsible for the successive prosecutions. In cases similar to this one, the Supreme Court has refrained from employing a waiver analysis to resolve the double jeopardy claim. *See United States v. Scott*, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978) (refusing to adopt the doctrine of waiver in a double jeopardy context); *United States v. Edmond*, 924 F.2d 261, 269 (D.C.Cir.) (refusing to adopt the district court's waiver analysis because the "Double Jeopardy Clause imposes no duty on the government to inform defendants of the consequences of their winning ... motions," and the "Supreme Court, in two closely-analogous double jeopardy cases, neither employed a waiver analysis nor mentioned the term"), *cert. denied*, 502 U.S. 838, 112 S.Ct. 125, 116 L.Ed.2d 92 (1991); *cf. Ricketts v. Adamson*, 483 U.S. 1, 23–26, 107 S.Ct. 2680, 2692–93, 97 L.Ed.2d 1 (1987) (Brennan, J., dissenting) (urging the majority to apply a waiver analysis to a double jeopardy claim).

Instead, the Supreme Court has determined that the policy consideration supporting the Double Jeopardy Clause—to prevent government oppression—is simply not implicated when the defendant, rather than the government, is responsible for the consecutive trials. *See, e.g.; Jeffers*, 432 U.S. at 152, 97 S.Ct. at 2217 ("[T]here is no violation of the Double Jeopardy Clause when [the defendant] elects to have the two offenses tried separately and persuades the trial court to honor his election."); *Scott*, 437 U.S. at 96, 98 S.Ct. at 2198 ("[T]he Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice.");

---

1. The protection provided by the Double Jeopardy Clause is made applicable to the Territory of Guam through 48 U.S.C. § 1421b(u), 8 Guam Code Ann. § 65.30(b), and 9 Guam Code Ann. §§ 1.24, 1.26.

*Johnson,* 467 U.S. at 502, 104 S.Ct. at 2542 ("There simply has been none of the governmental overreaching that double jeopardy is supposed to prevent. On the other hand, ending prosecution now would deny the State its right to have one full and fair opportunity to convict those who have violated its laws."). Gill's case fits squarely within this line of double jeopardy jurisprudence. Indeed, as the Appellate Division correctly observed, the facts underlying the Court's decision in *Jeffers* are virtually identical to the events giving rise to the present controversy.

In *Jeffers,* after a federal grand jury returned two separate indictments against several defendants, the government filed a motion for joint trial. 432 U.S. at 142, 97 S.Ct. at 2211. The defendants objected, contending that joinder was improper under Federal Rule of Criminal Procedure 8 because "neither the parties nor the charges were the same." *Id.* The district court agreed and denied the government's motion. After trial on the first indictment, the jury found Jeffers guilty. *Id.* at 143, 97 S.Ct. at 2212. Jeffers then filed a motion to dismiss the second indictment, contending "that the two indictments arose out of the same transaction, and therefore the second trial should be barred under th[e] theory of double jeopardy." *Id.* at 144, 97 S.Ct. at 2212. The district court disagreed and set the second indictment for trial; Jeffers was again convicted. *Id.* at 144–45, 97 S.Ct. at 2212–13.

On appeal, the Supreme Court assumed, without deciding, that the offenses charged in the two indictments were the "same," *id.* at 147–51, 97 S.Ct. at 2214–16, but determined that Jeffers' claim fell within an exception to double jeopardy principles: When a defendant is "solely responsible for the successive prosecutions ... we hold that his action deprive[s] him of any right that he might have had against consecutive trials." *Id.* at 152–54, 97 S.Ct. at 2217–2218.

The present case is indistinguishable from *Jeffers* in any meaningful way. Nevertheless, Gill contends that in his case the government could not have consolidated the two indictments because Cruz, a defendant under the first indictment, was not named as a co-conspirator in the second indictment. *See* 8 Guam Code Ann. § 55.35(b) (allowing defendants to be charged in the same indictment only if they are alleged to have participated in the same act or transaction constituting an offense). But like the defendant in *Jeffers,* Gill succeeded in securing the denial of the government's joinder motion only after he persuaded the trial court that the offenses charged in the two indictments were not the same. *See Jeffers* at 142, 97 S.Ct. at 2211. Gill was thus "responsible for the successive prosecutions." *Id.* at 154, 97 S.Ct. at 2218.

Moreover, if Gill feared prejudice from a joint trial with Cruz, he could have preserved his "double jeopardy rights" by asking the court to sever the trials of the defendants. *Id.* at 153 n. 21, 97 S.Ct. at 2218 n. 21. As in *Jeffers,* had Gill "asked for a ... severance from the other defendants, the case might be different. In that event, he would have given the court an opportunity to ensure that prejudicial evidence relating only to other defendants would not have been introduced in his trial." [2] *Id.*

Finally, because the "[g]overnment affirmatively sought trial on the two indictments together," *id.* at 152 n. 20, 97 S.Ct. at 2217 n. 20, it was up to Gill to proceed in a manner that would result in only one prosecution:

> Since the Government's posture throughout this case has been that [the conspiracies] are separate offenses, it could not have been expected on its own to elect between them when its motion for trial together was denied. The right to have both charges resolved in one proceeding, if it exists, was petitioner's; it was therefore his responsibility to bring the issue [of multiple-prosecutions] to the District Court's attention.

*Id.* at 154 n. 22, 97 S.Ct. at 2218 n. 22; *cf. United States v. Kalish,* 690 F.2d 1144, 1153 (5th Cir.1982) (deciding *Jeffers* does not encompass a situation where the government

---

**2.** For the same reasons, we reject Gill's contention that defendant Cruz was responsible for thwarting the government's joinder motion. Gill, not Cruz, initiated the opposition to consolidation. Gill could have preserved his right "to have both charges resolved in one proceeding" by requesting a severance.

has not affirmatively sought consolidation of the two indictments and accordingly, in such a case, the defendant need not move for joinder in order to preserve a double jeopardy claim), *cert. denied,* 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983). Double jeopardy simply does not apply where, as here, the defendant, and not the government, is "responsible for insisting that there be separate rather than consolidated trials." *Johnson,* 467 U.S. at 502, 104 S.Ct. at 2542 (explaining *Jeffers* ).

Gill correctly notes that as a plurality decision *Jeffers* does not by its own force act as binding authority on this court. *See Jacobsen v. United States Postal Serv.,* 993 F.2d 649, 655 (9th Cir.1992) ("The Ninth Circuit has not taken pluralities as being controlling."). Since deciding *Jeffers,* however, the Supreme Court has expressly approved of the *Jeffers* Court's reasoning. *Johnson,* 467 U.S. at 501–02, 104 S.Ct. at 2541–42 (relying on *Jeffers* to conclude that where a defendant elects to plead guilty to some charges, double jeopardy does not bar prosecution on the remaining charges). And, just as important, the Court consistently has applied the principles it announced in *Jeffers* to resolve similar cases. *See, e.g., Ricketts,* 483 U.S. at 10–11, 107 S.Ct. at 2685–86 (rejecting double jeopardy argument where the government initiated second prosecution after the defendant breached a plea agreement); *Scott,* 437 U.S. at 98–100, 98 S.Ct. at 2197–98 (concluding that where a defendant is successful in persuading the trial court to dismiss two counts of an indictment for preindictment delay, double jeopardy does not bar a subsequent prosecution on those counts).

In this regard, we agree with the Third Circuit's recent discussion of *Jeffers'* vitality:

Since a plurality of the Court agreed to the waiver rationale, we are convinced that the principles enunciated in *Jeffers* are controlling here. The rationale is consistent with prior and subsequent decisions that have refused to allow a defendant to claim double jeopardy from a later proceeding where the defendant was responsible for terminating the proceeding for reasons unrelated to factual guilt or innocence. *United States v. Blyden,* 930 F.2d 323, 327 (3rd Cir.1991) (holding that double jeopardy is not implicated by a second prosecution where the defendants successfully opposed the government's motion to consolidate trials); *see also Edmond,* 924 F.2d at 262, 269–70 (concluding that *Jeffers* and subsequent Supreme Court cases compel a determination that double jeopardy is not implicated by a second prosecution where the defendant "successfully moved to sever counts in a multi-count indictment, forcing the government to try him twice").

Thus, reliance on *Jeffers* to resolve Gill's double jeopardy claim is appropriate, and the Supreme Court's analysis controls the outcome of this appeal: Gill's deliberate election to have the two indictments tried separately "deprived him of any right that he might have had against consecutive trials." 432 U.S. at 154, 97 S.Ct. at 2218. Because a second prosecution is not barred by double jeopardy, we need not consider the other issues raised by Gill's appeal.[3]

## CONCLUSION

The decision of the District Court of Guam, Appellate Division is AFFIRMED.

---

3. Gill contends a conviction on the 1991 indictment also would violate double jeopardy by subjecting him to multiple *punishments* for the same offense. This claim is not yet ripe for review: [B]efore [Gill] can ever be punished for the offenses [in the 1991 indictment] he will first have to be found guilty of those offenses. The trial court's dismissal of these ... charges did more than simply prevent the imposition of cumulative punishments; it halted completely the proceedings that ultimately would have led to a verdict.... Presumably the trial court, in the event of a guilty verdict ..., will have to

confront the question of cumulative punishments ..., but because of that court's ruling preventing even the trial of the [other] offenses, that stage of the prosecution was never reached. While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the [government] from prosecuting [Gill] for such multiple offenses.

*Johnson,* 467 U.S. at 499–500, 104 S.Ct. at 2540–2541.