**STATE of Utah, Plaintiff and Appellee,**

v.

**Brian MAGUIRE, Defendant and Appellant.**

No. 950246–CA.

Court of Appeals of Utah.

Sept. 19, 1996.

minutes, which is customary in the doctor's office, and that the room had contained blank prescription pads.

Brian Maguire, Draper, Pro Se.

Jan Graham and Thomas B. Brunker, Salt Lake City, for Plaintiff-Appellee.

Before DAVIS, BENCH, and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

Defendant appeals the trial court's denial of his motion to correct the sentence imposed on a no contest plea. We reverse and remand for resentencing.

## BACKGROUND

While on parole for a second degree murder conviction, defendant physically assaulted his grandmother. Defendant was charged with aggravated assault, mayhem, and being a habitual criminal. Defendant's parole was also revoked because of the incident.

As a result of plea negotiations, defendant agreed to plead no contest to aggravated assault, a third degree felony. The State agreed to drop the mayhem and habitual criminal charges and to recommend that defendant be sentenced to a class A misdemeanor. The Honorable James Sawaya sentenced defendant to a class A misdemeanor for a term of not more than one year in the Utah State Prison. Because it was not specified "consecutive," this term was to run concurrently with the term defendant was already serving. Utah Code Ann. § 76–3–401(1) (1995).

Shortly after being sentenced, defendant moved to withdraw his no contest plea. This motion was denied by the trial court, and defendant appealed. In a memorandum decision, this court vacated defendant's plea because the trial court had not strictly complied with the requirements of Rule 11 of the Utah Rules of Criminal Procedure. On writ of certiorari, the Utah Supreme Court affirmed the court of appeals. *State v. Maguire,* 830 P.2d 216 (Utah 1991).

Defendant's case was then remanded and set for trial on the aggravated assault charge, as well as the reinstated mayhem and habitual criminal charges. After a jury had been impaneled and midway through the State's case-in-chief, the parties again entered into a plea agreement. Defendant agreed to plead guilty to aggravated assault, a third degree felony, and the State agreed to drop the mayhem and habitual criminal charges. The Honorable John A. Rokich sentenced defendant to a term not to exceed five years in the Utah State Prison. The court ordered that this term be consecutive to the term he was already serving for second degree murder.

Defendant then filed a motion requesting that the trial court correct the sentence. Defendant argued that under Utah Code Ann. § 76–3–405 (1995), Judge Rokich could not impose a sentence that was more severe than the sentence previously imposed by Judge Sawaya. The trial court denied the motion, and defendant appealed.

## ISSUES

Defendant raises several issues on appeal; however, we need only address the following: (1) whether criminal conduct committed while on parole may serve as the basis for a new criminal violation as well as revocation of parole; and (2) whether it was error for the trial court to sentence defendant to a third degree felony when the first sentence, subsequently vacated on appeal, was for a class A misdemeanor.

## ANALYSIS

### Criminal Conduct While on Parole

■ Defendant claims that revoking parole and imposing new punishment for the same offense violates double jeopardy. We disagree. The State correctly points out that "[a] person on parole or probation, who commits crime, may have his limited liberty canceled; and also be punished for the new crime. Such does not violate our constitution...." *State v. Bullock,* 589 P.2d 777

(Utah 1979); *see also Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

### Limitation on Resentencing After Appeal

■ Defendant claims he cannot be sentenced to a term more severe than that imposed by Judge Sawaya. The basis for this argument is Utah Code Ann. § 76–3–405 (1995), which provides as follows:

> Where a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied.

■ We note that the trial court's interpretation of a statute is reviewed for correctness. *State v. Brooks*, 908 P.2d 856, 858–59 (Utah 1995). "When interpreting statutes, this court is guided by the long-standing rule that a statute should be construed according to its plain language." *Utah Sign, Inc. v. Utah Dep't of Transp.*, 896 P.2d 632, 633 (Utah 1995). Thus, when the statutory language is plain and unambiguous, we will not look beyond it to surmise the legislature's intent. *Brinkerhoff v. Forsyth*, 779 P.2d 685, 686 (Utah 1989). A statute will not be interpreted contrary to its plain meaning. *Salt Lake Child & Family Therapy Clinic, Inc. v. Frederick*, 890 P.2d 1017, 1020 (Utah 1995).

Section 76–3–405 unambiguously provides that when a conviction or sentence is set aside on appeal, the trial court cannot impose a new sentence that is more severe than the prior sentence. The State argues that after a guilty plea is withdrawn, the State should be free to pursue its prosecution from the beginning without restriction as to resentencing. *See Martinez v. Smith*, 602 P.2d 700, 702 (Utah 1979) (stating if defendant is "permitted to withdraw his plea, fairness requires that the case should revert to its status on the original charge as it was before the agreement to enter his plea of guilty"). However, the section 76–3–405 prohibition on harsher sentences does not except plea bargains from its purview.

The United States Supreme Court has addressed the issue of whether, constitutionally, a defendant can be sentenced more harshly after successfully appealing the first conviction and sentence. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled on other grounds, Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). In *Pearce*, the Court held that "neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction." *Pearce*, 395 U.S. at 723, 89 S.Ct. at 2079. A successful appeal by a defendant wipes the slate clean. *Id.* at 721, 89 S.Ct. at 2078. However, the Court also held that a defendant may not be sentenced more severely the second time around if the increased sentence derives from vindictiveness toward defendant for exercising his constitutional right to appeal. *Id.* at 725, 89 S.Ct. at 2080. To allow such vindictiveness would " 'chill the exercise of basic constitutional rights' " and violate due process of law. *Id.* at 724, 89 S.Ct. at 2080 (quoting *United States v. Jackson*, 390 U.S. 570, 581, 88 S.Ct. 1209, 1216, 20 L.Ed.2d 138 (1968)). Thus,

> to assure the absence of such motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.* at 726, 89 S.Ct. at 2081.

Although *Pearce* would constitutionally allow a harsher second sentence in certain circumstances, our section 76–3–405 provides broader protections. *State v. Sorensen*, 639 P.2d 179, 180 (Utah 1981) (stating, in reference to *Pearce*, "[i]n 1973, our Legislature implemented that requirement in a more stringent fashion that allows for no excep-

tions"). The plain meaning of section 76–3–405 indicates that a court is barred from ever resentencing an individual to a harsher second sentence following a successful appeal.

The State argues that resentencing a defendant after his successful appeal of a no contest plea is similar to correcting an illegal sentence, which is not limited by section 76–3–405. *See State v. Babbel*, 813 P.2d 86 (Utah 1991), *cert. denied*, 502 U.S. 1036, 112 S.Ct. 883, 116 L.Ed.2d 787 (1992). *Babbel* involved a defendant whose sentence was vacated as illegal because it was less than required by statute. *Id.* at 86. The *Babbel* court held that notwithstanding section 76–3–405, the defendant should be sentenced as required by statute even if the correct sentence is higher than what was imposed under the illegal and void sentence. *Id.* at 87–88. Contrary to the State's argument in the instant case, the *Babbel* court reasoned that the principles underlying *Sorensen, Pearce*, and section 76–3–405, i.e., preventing the chilling effect on the constitutional right to appeal, did not apply because "[t]he correction of an illegal sentence stands on a different footing from the correction of an error in a conviction." *Id.* at 88. Because the instant case involved the correction of an error in a conviction based on a plea, section 76–3–405 applies.

■■■ Having determined that section 76–3–405 controls the instant case, we are bound to follow it. As stated by the Utah Supreme Court:

> We must be guided by the law as it is. We cannot by construction liberalize the statute and enlarge its provisions. When language is clear and unambiguous, it must be held to mean what it expresses, and no room is left for construction.

*Hanchett v. Burbidge*, 59 Utah 127, 135, 202 P. 377, 380 (1921) (citations omitted). Defendant is therefore entitled to be sentenced to a class A misdemeanor, consistent with the sentence originally imposed by Judge Sawaya.

The foregoing analysis is consistent with a similar case from Indiana. In *Ballard v. State*, 262 Ind. 482, 318 N.E.2d 798 (1974), the defendant pleaded guilty to second degree burglary and was sentenced to two-to-five years imprisonment. *Id.* 318 N.E.2d at 808. Like Maguire, the defendant successfully appealed his guilty plea, and at subsequent trial, was found guilty of burglary and robbery and sentenced to a longer prison sentence than he received at his first sentencing. *Id.* Like the State in the instant case, the prosecution in *Ballard* argued that the defendant's successful appeal rescinded the plea bargain and returned the parties to their pre-plea bargain status, with the defendant at risk of a higher sentence. *Id.* at 809. However, the Indiana Supreme Court vacated the higher sentence and remanded to reinstate the first sentence because Indiana had a rule which provided more protection than *Pearce*, in that it absolutely prohibited a higher sentence after a successful appeal. *Id.* 318 N.E.2d at 809–10.[1]

## CONCLUSION

We conclude that criminal conduct committed while on parole can support a revocation of parole as well as punishment for new crime without violating double jeopardy. We also conclude that section 76–3–405 prohibits a harsher sentence from being imposed after successful appeal of the first conviction. We vacate the second sentence and remand for resentencing consistent with this opinion.

DAVIS, Associate P.J., GREENWOOD, J., concur.

---

1. Indiana's Post–Conviction Rule 1, Section 10 provided as follows:

    (a) If prosecution is initiated against a petitioner who has successfully sought relief under this rule and a conviction is subsequently obtained, or

    (b) if a sentence has been set aside pursuant to this rule and the successful petitioner is to be resentenced, then the sentencing court shall not impose a more severe penalty than that originally imposed, and the court shall give credit for time served.