F I L E D
United States Court of Appeals
Tenth Circuit

OCT 14 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ANDREW NELSON NEEDHAM,

    Petitioner-Appellant,

vs.

JOHN SHANKS, Warden, and
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Respondents-Appellees.

No. 97-2059
(D.C. No. CIV-96-435-MV)
(D.N.M.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

---

Mr. Needham, an inmate appearing pro se and in forma pauperis, appeals

from the district court's denial of his 28 U.S.C. § 2254 motion to correct, vacate

or set aside his no contest plea to one count of escape from a penitentiary

pursuant to N.M. Stat. Ann. § 30-22-9 (Michie 1994). Mr. Needham was

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

sentenced to six years enhanced by eight years as an habitual offender, followed by two years parole. The six year sentence was suspended except for time served, and the eight-year sentence was to run consecutively with his existing sentence. Mr. Needham did not pursue a direct appeal, but did initiate and exhaust state post-conviction relief. He now seeks federal post-conviction relief, arguing that his plea of no contest resulted from ineffective assistance of counsel and was a violation of the Double Jeopardy Clause, and that N.M. Stat. Ann. § 30-22-9 does not apply to prisoners held in a minimum security institution.

In his ineffective assistance claim, Mr. Needham alleges that his counsel conspired with the trial judge to fill New Mexico's prisons and deprive him of his rights, and that counsel waived Mr. Needham's rights by failing to raise the double jeopardy, custodial interrogation, and state law arguments he asserts here. See I R. doc. 1 at 5- 5(e). Because we agree with the Magistrate Judge that Mr. Needham's claims are without merit, counsel's failure to raise those issues below was not erroneous. Since Mr. Needham cannot establish his counsel's performance was deficient, we need not examine whether counsel's failure to raise these issues prejudiced Mr. Needham. See Strickland v. Washington, 466 U.S. 668, 687 (1984).

We also find no merit to Mr. Needham's argument that his conviction violates double jeopardy because he was punished when prison officials took

away one year of "good time" in an administrative proceeding. This circuit has long held that criminal judicial proceedings following administrative punishments imposed by prison officials do not violate the double jeopardy clause. See United States v. Rising, 867 F.2d 1255, 1259 (10th Cir. 1989) (citing United States v. Boomer, 571 F.2d 543 (10th Cir. 1978); United States v. Acosta, 495 F.2d 60 (10th Cir. 1974); United States v. Hedges, 458 F.2d 188 (10th Cir. 1972); Hutchison v. United States, 450 F.2d 930 (10th Cir. 1971)).

Finally, we need not examine Mr. Needham's post-conviction attack on the application of N.M. Stat. Ann. § 30-22-9 or the imposition of an eight-year enhancement on the basis of his status as an habitual offender, as these pure state law claims raise no constitutional issues and are thus not reviewable in federal habeas proceedings. See Montoya v. New Mexico, 55 F.3d 1496, 1499 (10th Cir. 1995).

Because Mr. Needham has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY his Application for a Certificate of Appealability and DISMISS the appeal.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge


- 3 -