1999 UT App 045

**STATE of Utah, Plaintiff and Appellee,**

v.

**Brian MAGUIRE, Defendant and Appellant.**

**No. 951246–CA.**

Court of Appeals of Utah.

Feb. 19, 1999.

---

Motion to Correct Sentence upon conviction for aggravated assault, a third degree felony, in violation of Utah Code Ann. § 76–5–103 (1995).

## BACKGROUND

¶ 2 While on parole from the Utah State Prison for a second degree murder conviction, Maguire assaulted his grandmother, tearing off the top third of her ear. Maguire was charged with aggravated assault, mayhem, and being a habitual criminal. His parole was also revoked because of the incident. As a result of a plea bargain with the State, Maguire pleaded no contest to the charge of aggravated assault and, in exchange, the State dropped the additional charges and agreed to recommend that Maguire be sentenced to a class A misdemeanor for the assault charge. See Utah Code Ann. § 76–3–402(2)(b)(iii) (1995). Pursuant to the plea agreement, the court entered its judgment of conviction for a class A misdemeanor and sentenced Maguire to a term of not more than one year. Because the court did not specify this term as "consecutive," it ran concurrently with the term Maguire was already serving. See id. § 76–3–401(1).

¶ 3 While serving his concurrent sentences, Maguire filed a motion to withdraw his no contest plea, which the trial court denied. Maguire successfully appealed the denial of that motion and the case was remanded. Although he had completed the one year aggravated assault sentence, he nevertheless elected to withdraw his initial plea and go forward with a second trial. Accordingly, the trial court scheduled a second trial on the aggravated assault charge, as well as the reinstated mayhem and habitual criminal charges. During the second trial, the parties again entered into a plea agreement; Maguire pleaded guilty to aggravated assault, a third degree felony, and in return the State again agreed to drop the mayhem and habitual criminal charges. This time, there was no agreement relative to conviction or sentencing to a lower degree of offense. See id. § 76–3–402. The court then sentenced Maguire to a term not to exceed five years and expressly stated that this term

Brian Maguire, Draper, Appellant Pro Se.

Jan Graham, Atty. Gen., Thomas B. Brunker, Asst. Atty. Gen. and James M. Cope, Salt Lake County Deputy Atty., Salt Lake City, for Appellee.

Before Judges GREENWOOD, BENCH, and DAVIS.

DAVIS, Judge:

¶ 1 This is an appeal from the trial court's denial of defendant Brian Maguire's

was to run consecutively to the term he was already serving for his prior murder conviction.

¶ 4 Approximately two years after the trial court sentenced Maguire at his second trial, he moved to correct his sentence pursuant to section 76-3-405 of the Utah Code. Maguire argued that this section precluded the court from imposing a more severe sentence for the aggravated assault charge than was originally imposed after his first plea and conviction. *See id.* The district court denied his motion and Maguire appealed to this court. We held that section 76-3-405 prohibited a harsher sentence from being imposed after Maguire had successfully appealed and was allowed to withdraw his initial plea. *See State v. Maguire*, 924 P.2d 904, 907 (Utah Ct.App.1996), *cert. granted* 931 P.2d 146 (Utah 1997), *rev'd and remanded* 957 P.2d 598 (Utah 1998). The Utah Supreme Court reversed that decision insofar as section 76-3-405 is concerned and remanded the case to this court to "decide whether double jeopardy prevented the imposition of Maguire's second sentence." *State v. Maguire*, 957 P.2d 598, 600 (Utah 1998).

## ISSUE AND STANDARD OF REVIEW

¶ 5 On remand from the supreme court, we must determine whether the Double Jeopardy Clause of the Fifth Amendment prohibited the trial court from resentencing Maguire following his guilty plea at his second trial. This is, therefore, an issue of constitutional interpretation that presents a question of law. *See Cache County v. Property Tax Div. of Utah State Tax Comm'n*, 922 P.2d 758, 766 (Utah 1996). "We review a trial court's conclusions of law for correctness, granting no deference to the trial judge's legal determinations." *Meadowbrook, LLC v. Flower*, 959 P.2d 115, 116 (Utah 1998).

## ANALYSIS

### I. Preservation of Double Jeopardy Claim

¶ 6 We first consider the threshold issue of whether Maguire preserved the double jeopardy issue for appellate review. "In a trial setting, to preserve an issue for appellate review, a party must first raise the issue in the trial court," giving that court an opportunity to rule on the issue. *Badger v. Brooklyn Canal Co.*, 966 P.2d 844, 847 (Utah 1998). "A trial court has the opportunity to rule if the following three requirements are met: (1) 'the issue must be raised in a timely fashion;' (2) 'the issue must be specifically raised;' and (3) a party must introduce 'supporting evidence or relevant legal authority.'" *Id.* (quoting *Hart v. Salt Lake County Comm'n*, 945 P.2d 125, 130 (Utah Ct.App.) (citations and internal quotations omitted in original), *cert. denied*, 953 P.2d 449 (Utah 1997)). Here, Maguire specifically referred to the constitutional protection against double jeopardy in a timely fashion in his Motion to Correct Sentence, satisfying the first two requirements set forth in *Badger*. Maguire also asserted in his Motion to Correct Sentence that he had already completed his sentence on the aggravated assault charge, establishing the essential premise for a double jeopardy argument, thereby satisfying *Badger*'s final requirement. Because Maguire has satisfied the steps required to preserve his argument for appeal, we address whether the trial court subjected Maguire to double jeopardy when it sentenced him for the second time.[1]

### II. Double Jeopardy

¶ 7 The language of the Double Jeopardy Clause is unequivocal: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb...." U.S. Const. amend V. It is well established that the Double Jeopardy Clause protects a defendant against multiple punishments, as well as multiple prosecutions, for the same crime. *See State v. One Hundred Seventy-*

---

1. If Maguire had not satisfied *Badger*'s requirements for preserving an issue for appeal, this issue would still be properly before us pursuant to Rule 22(e) of the Utah Rules of Criminal Procedure. "[R]ule 22(e) permits the court of appeals to consider the legality of a sentence even if the issue is raised for the first time on appeal." *State v. Brooks*, 908 P.2d 856, 860 (Utah 1995).

*Five Thousand Eight Hundred Dollars,* 942 P.2d 343, 349 (Utah 1997).

> The underlying idea, one that is deeply ingrained in [our] ... system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity
> ....

*United States v. Scott,* 437 U.S. 82, 96, 98 S.Ct. 2187, 2196, 57 L.Ed.2d 65 (1978), *remanded* 579 F.2d 1013 (6th Cir.1978).

¶ 8 Despite the constitutional protection from double jeopardy, "it is not uncommon for defendants to be subject to multiple trials for the same offense." George Clemon Freeman, Jr. & Anthony F. Early, Jr., *United States v. DiFransesco: Government Appeal of Sentences,* 18 Am.Crim. L.Rev. 91, 105 (1980) (discussing difference between defendant and government appeals). In fact, the Double Jeopardy Clause "only proscribes resentencing where the defendant has developed a legitimate expectation of finality in his original sentence." *Pasquarille v. United States,* 130 F.3d 1220, 1222 (6th Cir.1997); *see also United States v. Welch,* 928 F.2d 915, 917 (10th Cir.1991) (holding defendant who appeals sentence has no expectation of finality therein); *accord North Carolina v. Pearce,* 395 U.S. 711, 720, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969) (holding guarantee against double jeopardy does not impose any "limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside"). Thus, for Maguire to be precluded from being resentenced at a second trial, he must have had a legitimate expectation of finality in the original proceedings.

¶ 9 Although Maguire had completed his original sentence for the aggravated assault conviction, when he was granted leave to withdraw his plea and elected to do so he, in effect, voluntarily initiated a second trial on the same charges stemming from the assault upon his grandmother.[2] "The double jeopardy clause stands as a major qualification of the power to grant a new trial in a criminal case (except, of course, where the motion is made by the defense)." *McNair v. Hayward,* 666 P.2d 321, 326 (Utah 1983). In addition, "the Supreme Court has determined that the policy consideration supporting the Double Jeopardy Clause—to prevent government oppression—is simply not implicated when the defendant, rather than the government, is responsible for the consecutive trials." *People v. Gill,* 59 F.3d 1010, 1012 (9th Cir.1995).

¶ 10 Midway through the second trial, Maguire again changed his plea on the aggravated assault charge from not guilty to guilty and in return, the State agreed to drop the mayhem and habitual criminal charges. This time, however, the trial court entered a judgment of conviction for aggravated assault, a third degree felony, sentenced Maguire to a term not to exceed five years, and expressly stated that his term was to run consecutive to the term he was already serving for his prior murder conviction. Maguire now asserts that the double jeopardy protection accorded him by the Fifth Amendment to the United States Constitution does not allow a second punishment for the same crime. However, "[t]he ... 'exceptions' to this restated general rule are ... those cases in which ... defendants ... on their own motion seek to abort, or nullify, what has transpired in the legal process to date." Freeman & Early, *supra,* at 111, n. 153. Here, Maguire nullified the effect of the prior conviction by withdrawing his initial plea of no contest to the aggravated assault charge. In doing so, he subjected himself to the possibility of a new conviction and resentencing thereon.

¶ 11 Further, to the extent the facts of this case amount to a resentencing, "[s]entencing procedures traditionally receive less double jeopardy protection than do prosecutions," *Montoya v. New Mexico,* 55 F.3d 1496, 1498 (10th Cir.1995), and resentencing

2. By the time the second trial began, Maguire's grandmother, the victim of the assault and key witness in the first trial, had passed away.

per se does not implicate the double jeopardy protection from multiple punishments. *See United States v. DiFrancesco*, 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980). In addition, " ' "[t]he Double Jeopardy Clause, which guards against Government oppression, does not relieve a defendant from the consequences of his voluntary choice." ' " *Welch*, 928 F.2d at 917 (quoting *United States v. Cochran*, 883 F.2d 1012, 1017 (11th Cir.1989) (quoting *United States v. Scott*, 437 U.S. 82, 99, 98 S.Ct. 2187, 2198, 57 L.Ed.2d 65 (1978))). By withdrawing his initial plea and voluntarily initiating a second trial, Maguire "placed the validity of his entire sentence at issue." *Pasquarille*, 130 F.3d at 1222. Moreover, "[Maguire] has, by his own hand, defeated his expectation of finality." *Welch*, 928 F.2d at 917 (citations omitted); *see also McClain v. United States*, 676 F.2d 915, 918 (2d Cir.1982) (holding double jeopardy not violated when resentencing followed defendant-initiated appeal because defendant lacked finality interest). Now, by arguing against resentencing, Maguire is attempting to "retain[ ] the benefits of a plea bargain while rescinding his part of the agreement." *Maguire*, 957 P.2d at 600. Based on the foregoing, we hold that Maguire's constitutional right against double jeopardy was not violated because he had no expectation of finality in the original proceedings, having voluntarily elected to nullify them and begin the trial anew.[3]

## CONCLUSION

¶ 12 In sum, we hold that the double jeopardy issue was preserved for appeal and that, because Maguire voluntarily elected to nullify the original proceedings and, in effect, initiated the second trial, he had no expectation of finality in the original proceedings. Therefore, the constitutional protection provided by the Double Jeopardy Clause has not been violated.

¶ 13 PAMELA T. GREENWOOD, Associate Presiding Judge, concurs.

---

**3.** Although Maguire must complete the sentence imposed as a result of the second trial, "it is clear that [double jeopardy] is violated when punishment already exacted for an offense is not fully 'credited' in imposing sentence upon a new conviction for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 718, 89 S.Ct. 2072,

BENCH, Judge (concurring):

¶ 14 I agree with the analysis of defendant's double jeopardy claim. I write separately to register my concerns about whether we should even be discussing the issue.

¶ 15 Defendant never suggested to the trial court that double jeopardy barred sentencing on his second plea because he had already completed his first sentence. He urged only that section 76–3–405 of the Utah Code prohibits a harsher second sentence. Defendant therefore did not preserve in the trial court the double jeopardy issue he now raises.

¶ 16 On appeal to this court, in *State v. Maguire*, 924 P.2d 904 (Utah Ct.App.1996), *rev'd*, 957 P.2d 598 (Utah 1998), defendant briefly mentioned double jeopardy but failed to cite any relevant authority or provide any analysis of the issue. We could therefore properly decline to address it. *See, e.g., State v. Wareham*, 772 P.2d 960, 966 (Utah 1989) (declining to address issue when "brief wholly lacks legal analysis and authority to support" argument); *Selvage v. J.J. Johnson & Assocs.*, 910 P.2d 1252, 1264 (Utah Ct.App. 1996) (declining to address issue where party "cites no authority" or "any further analysis" in support of argument); *State v. Price*, 827 P.2d 247, 249 & n. 5 (Utah Ct.App.1992) (refusing to consider argument unsupported by legal analysis or authority); *State v. Reiners*, 803 P.2d 1300, 1301 n. 2 (Utah Ct.App. 1990) (declining to address issue where "argument contains no citations to authorities and only vague reasoning"); *see also* Utah R.App. P. 24(a)(9) (requiring argument on appeal to contain "the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes and parts of the record relied on").

---

2077, 23 L.Ed.2d 656 (1969). Therefore, the cumulative punishment imposed on Maguire from his two sentences for the assault charge must not exceed that which is authorized by the Utah Legislature. *See Whalen v. United States*, 445 U.S. 684, 689, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715 (1980).

¶ 17    Defendant argued the double jeopardy issue for the first time in proceedings before the supreme court. *See State v. Maguire,* 957 P.2d 598, 599–600 (Utah 1998). Then, in the brief defendant filed in this court after remand, he incorporated this double jeopardy argument.

¶ 18    Although defendant has not properly preserved the issue, we are compelled to address it on remand. In *State v. Brooks,* 908 P.2d 856, 860 (Utah 1995), the supreme court held that Rule 22(e) of the Utah Rules of Criminal Procedure permits appellate courts to review the legality of a sentence, even when the issue is raised for the first time on appeal. I am not persuaded by the rationale of *Brooks* because, like any other issue, the trial court should have the first opportunity to rule on the question. Nevertheless, I recognize that *Brooks* is controlling law.

¶ 19    It is unfortunate that the supreme court did not resolve the double jeopardy issue when it was argued to that court. In the interest of judicial economy, the supreme court should have definitively decided the issue, just as it did in *Brooks. See id.* at 861 ("[W]e could remand the matter to the court of appeals.... However, considerations of judicial economy suggest that we dispose of these issues ourselves.").

¶ 20    Since we must now reach the question as to whether double jeopardy was violated, I fully concur in the main opinion's analysis of the issue.