[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 13, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13917
Non-Argument Calendar
_____

D. C. Docket No. 86-00185-CR-RLV-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARL LOUIS COPPOLA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 13, 2007)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Carl Louis Coppola, a federal prisoner, appeals the district court's denial of

his motion to correct an illegal sentence, which he filed pursuant to a prior version of Fed. R. Crim. P. 35(a). We AFFIRM.

## I. BACKGROUND

The pertinent facts underlying Coppola's convictions are detailed at length in our prior opinion in his case, United States v. Church, 955 F.2d 688 (11th Cir. 1992). For purposes of this appeal, in 1987 a jury convicted Coppola on a number of counts arising out of a thirteen-year criminal enterprise involving the importation, purchase, and distribution of marijuana and cocaine. Among the counts for which Coppola was convicted was one count of engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848 (Count 3), and two counts of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Counts 5 and 7, respectively). The district court sentenced Coppola to serve 40 years in connection with the CCE offense. Because "it is the law of this circuit that conspiracy offenses merge with a [CCE] offense," United States v. Rosenthal, 793 F.2d 1214, 1246 (11th Cir. 1986), however, the district court merged the two conspiracy offenses with the CCE offense. Thus, the court's 40-year sentence was based only on the CCE conviction. See R1-77 at 4; Church, 955 F.2d at 690 n.2.

Coppola appealed his convictions on a number of grounds. See Church, 955

2

F.2d at 690.  Upon review, we affirmed Coppola's CCE conviction, but we vacated the two separate conspiracy convictions, agreeing that, as lesser included offenses, they merged with the CCE conviction.  See id. at 690, 703.  However, because there was no sentence imposed in connection with the two conspiracy convictions, id. n.2, and because Coppola's 40-year sentence had been based solely on the CCE conviction, R1-77 at 4, our vacatur of the two conspiracy convictions had no effect on the 40-year sentence.

Coppola subsequently filed a motion with the district court to correct his sentence, pursuant to the former Rule 35(a).[1]  In his motion, Coppola argued that because his conspiracy convictions had been vacated in Church, he was now entitled to a resentencing on his CCE conviction.  The district court rejected that argument.  The court observed that Coppola's 40-year sentence had been based solely on the CCE count, and that no sentence had been imposed for the two conspiracy convictions due to the fact that those convictions merged with the CCE conviction.  Consequently, the court found that the vacatur of Coppola's two conspiracy convictions in Church should have no effect on the 40-year sentence

---

[1] The former Rule 35(a) of the Federal Rules of Criminal Procedure, which applies in Coppola's case, stated:  "[t]he court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence . . . ."  See United States v. Jordan, 915 F.2d 622, 624 (11th Cir. 1990) (citing Fed. R. Crim. P. 35(a)).  The rule was amended with implementation of the Sentencing Reform Act of 1984.  Id. n.4.

imposed pursuant to the CCE charge. Although the court concluded that "there was no [conspiracy-based] sentence to vacate," it used its ministerial power to eliminate all references to the two conspiracy counts from Coppola's judgment. R1-77 at 5. After doing so, the court denied Coppola's Rule 35(a) motion to correct his sentence. This appeal followed.

## II. DISCUSSION

On appeal, Coppola argues that the district court erred in denying his motion to correct his sentence. The question of whether a district court has authority to resentence a defendant under former Rule 35(a) is a legal question subject to plenary review. United States v. Sjeklocha, 114 F.3d 1085, 1087 (11th Cir. 1997). The district court's factual findings are reviewed for clear error, and its application of the facts to the law is reviewed de novo. Id.

Coppola's appeal contends that the 40-year prison sentence imposed in connection with Count 3, the CCE count, is "illegal" according to the language of Rule 35(a), and that therefore the district court should have acted to correct it. He argues that the two conspiracy convictions which were later vacated "may well have played a role" in the district court's decision to impose the 40-year sentence. Reply Br. of Appellant at 5. Although he agrees that the sentencing court merged the two conspiracy charges into the CCE conviction– and although he further

4

concedes that no separate sentence was ever imposed in connection with the two conspiracy charges, see Br. of Appellant at 7–he nevertheless argues that the conspiracy charges may have been unduly relied upon by the district court in formulating his 40-year CCE sentence. Accordingly, he argues that a resentencing is appropriate.

We disagree with this contention. In its original sentencing decision, the district court made clear that the two conspiracy counts, Counts 5 and 7, merged with the CCE count. R1-77 at 4. Consequently, the court stated that it was imposing a 40-year sentence pursuant to the CCE conviction; no sentence was ever imposed for Counts 5 or 7. Id. We observed this fact when we later vacated Coppola's conspiracy convictions in Church. After stating that we were vacating his convictions on Counts 5 and 7, we noted that "the district court *did not sentence Coppola for his convictions on these two counts.*" 955 F.2d at 690 n.2 (emphasis added). We did not vacate Coppola's sentence in Church when we vacated his conspiracy convictions, because, as the district court properly noted, there was no corresponding sentence to vacate. Cf. Rutledge v. United States, 517 U.S. 292, 295, 307, 116 S. Ct. 1241, 1244, 1250-51 (1996) (vacating defendant's convictions and his sentence, where he received two separate sentences, one for conspiracy and one for CCE); Rosenthal, 793 F.2d at 1246 (same). Because the

district court did not impose any sentence in connection with the now-vacated conspiracy charges, we are not presented with a conspiracy-based sentence warranting a vacatur.

Nor can we accept Coppola's speculative contention that the two conspiracy counts "may well have played a role" in his 40-year CCE sentence. Reply Br. of Appellant at 5. In fact, the sentencing court expressly stated that the 40-year sentence was imposed based upon Coppola's CCE conviction alone; it made no mention of the conspiracy charges in formulating that sentence. (Indeed, the court's only mention of the conspiracy charges was to observe, quite properly, that those charges merged into the CCE charge.) We find no evidence that the two conspiracy convictions were unreasonably relied upon by the district court in sentencing Coppola for his CCE offense.

We have observed that when a defendant raises a collateral attack on a particular sentence under former Rule 35, only that specific sentence on that specific count is before the court. See United States v. Rosen, 764 F.2d 763, 766 (11th Cir. 1985) (per curiam). In such cases, "[t]he court has power only over what is brought before it." Id. Here, because no sentence was ever imposed for Coppola's conspiracy counts, perforce his Rule 35(a) challenge must be based on the 40-year sentence that was imposed for his CCE conviction; only that specific

6

sentence and that specific conviction has been brought before us. And yet there is nothing in the record to suggest that the 40-year sentence for the CCE conviction was in any way "illegal" as that term has been construed under former Rule 35.[2] The sentence did not exceed the statutory maximum, nor is there any evidence that it implicated the Double Jeopardy Clause of the Constitution. Accordingly, we discern no basis upon which Coppola's CCE sentence would warrant a correction.

In summary, we conclude that the district court acted properly in denying Coppola's motion to correct an allegedly illegal sentence under former Rule 35. The vacatur of Coppola's conspiracy convictions did not require a concomitant resentencing, as there was never any sentence imposed in connection with the conspiracy charges. Moreover, the 40-year sentence that the district court did impose on Coppola–which was based solely on his separate CCE conviction–was within the statutory maximum and did not implicate Coppola's constitutional rights. Therefore, we **AFFIRM** the district court's denial of Coppola's motion.

---

[2] A sentence is illegal within the meaning of former Rule 35(a) if it is: (1) in excess of the statutory maximum; (2) imposes multiple terms for the same offense; or (3) the terms of the sentence itself are legally or constitutionally invalid in any other respect. Hill v. United States, 368 U.S. 424, 430, 82 S. Ct. 468, 472 (1962).