

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00825-CR

Jorge **RODRIGUEZ** Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2019CRB000030D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Liza A. Rodriguez, Justice
Lori Massey Brissette, Justice

Delivered and Filed: December 4, 2024

AFFIRMED

A jury convicted appellant Jorge Rodriguez Jr. of one count of murder, a first-degree felony, and after a successful appeal, a second jury assessed punishment at imprisonment for twenty years in the Texas Department of Criminal Justice — Institutional Division. *See* TEX. PENAL CODE ANN. §§ 19.02(b)(1), 12.32. The trial court sentenced Rodriguez in accordance with the second jury's verdict, and it ordered that he serve his murder sentence consecutively with another sentence. In one issue, Rodriguez contends that the trial court's imposition of consecutive

— rather than concurrent — sentences upon re-sentencing violates the prohibition against judicial vindictiveness enshrined in the Due Process Clause of the U.S. Constitution and the due-course-of-law guarantee in the Texas Constitution. U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, § 19. We affirm.

## I. BACKGROUND

In 2013, Rodriguez was charged with a second-degree felony count of burglary of a habitation. TEX. PENAL CODE ANN. § 30.02(c)(2). He received deferred adjudication and was placed on community supervision.

In June 2018, Rodriguez committed a murder. The murder, according to Rodriguez's counsel, prompted the trial court to revoke Rodriguez's community supervision, and it sentenced Rodriguez to twenty years' imprisonment on the burglary count (the "burglary sentence").[1]

A jury subsequently found Rodriguez guilty on the murder count, and it assessed punishment at fifty years' imprisonment (the "first murder sentence"). In the murder case, the trial court signed a final judgment of conviction and sentence that convicted Rodriguez of murder, sentenced him to fifty years' imprisonment, and ordered that the first murder sentence run concurrently with the burglary sentence.

Rodriguez appealed, and we held that the trial court committed harmful error in overruling an objection that Rodriguez had lodged to the punishment-phase jury charge. *See Rodriguez v. State*, No. 04-20-00228-CR, 2022 WL 947577, at *5 (Tex. App.—San Antonio Mar. 30, 2022, pet. ref'd) (mem. op., not designated for publication). We reversed the trial court's sentence and

---

[1] At a punishment hearing, Rodriguez's counsel stated:

> And the unusual feature of this case is, even though they are not from the same episode, the unusual feature of this case is that the revocation that resulted in the 20 — in the 20-year sentence that he's presently serving was a result — or rather he was revoked because of this murder.

remanded for a new trial on punishment. *Id*. at \*6. On remand, a second jury assessed punishment at twenty years' imprisonment (the "second murder sentence"). Before the trial court signed a final judgment, Rodriguez requested that the burglary sentence and second murder sentence run concurrently, as was the case with the first murder sentence. The State requested that the two run consecutively. The trial court denied Rodriguez's request, and its final judgment of conviction and sentence orders that the burglary sentence and second murder sentence be served consecutively. Rodriguez timely appealed.

## II. DISCUSSION

In *North Carolina v. Pearce*, 395 U.S. 711, 726 (1969), the United States Supreme Court held that:

> whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id*. Rodriguez argues that the change from concurrent to consecutive sentences constitutes a more severe sentence under the judicial vindictiveness doctrine. He further argues that the trial court's reasoning for switching from concurrent to consecutive sentences does not affirmatively appear in the record. Therefore, the trial court's imposition of concurrent sentences, according to Rodriguez, violates his right to due process under *North Carolina v. Pearce*.

The State agrees that, generally, a presumption of judicial vindictiveness "arises in cases where, after a successful appeal, the same sentencing court orders that a previously concurrent sentence be served consecutively." In support of its proposition, the State references *Johnson v.*

*State*, 930 S.W.2d 589, 592 (Tex. Crim. App. 1996), wherein the Texas Court of Criminal Appeals wrote:

> This Court has never held that an order requiring consecutive sentences upon resentencing following sentences that were concurrent when originally assessed demonstrates vindictiveness. However, we have recognized the possibility that it does. Meanwhile, federal courts have actually held that cumulating sentences that were originally concurrent constitutes increased punishment, thus triggering a *North Carolina v. Pearce* analysis.

*Id*. (internal citations omitted). Nevertheless, the State contends that the judicial vindictiveness rule articulated in *Pearce* is inapplicable because the aggregate term of imprisonment between the two sentences decreased on re-sentencing. The State, however, references no authority — from a Texas state court or elsewhere — for its contention that there is an aggregate-term exception to *Pearce*.

Our independent research has found no opinion from a Texas appellate court supporting the State's aggregate-term exception. However, at least one state appellate court in Washington and several federal appellate courts have addressed the issue. In *State v. Larson*, 783 P.2d 1093, 1095 (Wash. Ct. App 1989), review denied, 114 Wash.2d 1015, the Washington Court of Appeals held that "[f]ederal courts addressing the issue uniformly hold that the *Pearce* presumption never arises when the *aggregate* period of incarceration remains the same or is reduced on remand." *Id*. (internal citations omitted; emphasis in original). *Larson* references several federal appellate court opinions in support of its proposition. One of those opinions is *United States v. Cochran*, 883 F.2d 1012, 1014 (11th Cir. 1989), a case wherein "[t]he [district] court replaced [the defendant's] 30 year concurrent sentences with a package of unenhanced concurrent and consecutive sentences totaling 25 years plus a six year parole term." In overruling the defendant's claim of judicial vindictiveness, the *Cochran* court held that the more severe sentence prerequisite in *Pearce* "is obviously absent here since the district court reduced [the defendant's] overall term of

incarceration." *Id*. at 1017.  While *Cochran* and *Larson* do not bind us, we find their analysis

persuasive.

In this case, as in *Cochran*, Rodriguez's lengthier concurrent imprisonment term was

exchanged for a shorter consecutive imprisonment term.  Rodriguez does not squarely address the

rule articulated in *Cochran*.  Instead, he argues:

> The appellant also concedes that the second jury imposed a sentence of twenty years — thirty years less than the fifty-year sentence imposed by the first jury.  However, the Appellant is complaining of the Judge's actions — not the jury's actions.  The power to impose the sentence concurrently or consecutively is entirely in the hands of the judge under Tx. Code Crim. Proc. 42.08.

> The appellant argues that the judge's decision to run the second sentence consecutively constitutes a "harsher sentence" as contemplated in *Barnes*.  It is harsher in its manner of execution.  It is harsher in that it requires the Appellant to serve one sentence at a time.  It is harsher in the sense that it is unlikely anyone would ever choose to serve consecutive sentences instead of concurrent sentences — it would be absurd to do so.

Choosing to serve less rather than more time in prison is not an absurd decision and that is where

Rodriguez's argument fails.  Rodriguez casts the trial court's imposition of consecutive sentences

as vindictive in contrast to the lower second murder sentence assessed by the second jury.

However, Rodriguez fails to explain how the *Pearce*[2] rule may be triggered by isolating the trial

court's binary choice between imposing concurrent or consecutive sentences.  Instead, *Pearce* is

triggered "whenever a judge imposes a more severe sentence."  395 U.S. at 726.  As *Larson*

explains, it is "the *aggregate* period of incarceration," 783 P.2d at 1095 (emphasis in original),

---

[2] We have recognized that the U.S. Supreme Court has amended the rule articulated in *Pearce*.  *See Jimenez v. State,* 298 S.W.3d 203, 210 (Tex. App.—San Antonio 2009, pet. ref'd) (recognizing that under *Alabama v. Smith*, 490 U.S. 794, 799–800 (1989), "a party is entitled to a presumption of vindictiveness (thus invoking the *Pearce* rule) unless the State can show, based on the record, that there is no reasonable likelihood of vindictiveness.").  Rodriguez's contention fails even under *Pearce*.

that determines when *Pearce* is triggered. Accordingly, the *Pearce* rule does not apply under these facts.[3]

Rodriguez also argues that his term on re-sentencing constitutes judicial vindictiveness under the due-course-of-law guarantee in the Texas Constitution. TEX. CONST. art. I, § 19. However, Rodriguez fails to explain how a judicial vindictiveness analysis articulated in *Pearce* would be different under the Texas Constitution. *See Dewberry v. State*, 4 S.W.3d 735, 754 (Tex. Crim. App. 1999) (noting that the appellant "neglects to distinguish how protections of the Texas Constitution differ from those afforded by the federal constitution."). Assuming without deciding that this contention was preserved and rather than conclude that Rodriguez inadequately briefed the argument rooted in the Texas Constitution, we assume that Rodriguez contends that the analysis is the same under both constitutions.

Rodriguez's sole issue is overruled.

## III. CONCLUSION

We affirm the trial court's judgment.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

---

[3] At oral argument, Rodriguez argued that the two consecutive twenty-year sentences constituted "a more severe sentence" under *Pearce* because they force him to serve a longer sentence before being eligible for parole and that the consecutive sentences ignore the proportionately reduced sentence that the second jury assessed. These arguments were neither presented to the trial court nor raised in Rodriguez's appellate brief. In light of the underdeveloped record and briefing before us, we cannot address the new arguments that Rodriguez raised at oral argument. *See* TEX. R. APP. 33.1(a).